597 S.E.2d 24

**Michelle BURNELL, Appellant,**

v.

**John BURNELL, Respondent.**

No. 3799.

Court of Appeals of South Carolina.

Heard April 8, 2004.

Decided May 24, 2004.

Veronica G. Small, of Charleston, for Appellant.

Jennifer Lee North, of Sullivan's Island, for Respondent.

HEARN, C.J.

The family court found Michelle Burnell (Mother) in contempt of court for violating the terms of its previous order awarding her and John Burnell (Father) joint custody of their minor child. Mother appeals. We reverse.

## FACTS

Mother and Father married in 1994 and had a son, born March 12, 1997. On February 24, 2000, Mother filed for divorce on the grounds of "habitual drunkenness, physical cruelty, and/or adultery." The family court scheduled a hearing on the issues of divorce, property settlement, and custody for May 9, 2001. Immediately prior to the hearing, the parties informed the family court that they had reached an agreement on all outstanding issues through mediation, though the agreement had not yet been reduced to writing. As a consequence, the bulk of the hearing consisted of the mediator, Susan Dunn, reciting the agreement's terms followed by judicial inquiries directed at each party to assure the agreement had been validly entered into. Of particular importance to this dispute is the following description as to how the parties were to make decisions affecting their minor child:

> The parties have also agreed that all major decisions concerning the child's life will deserve a good faith effort to reach a mutual decision. That major decisions [sic] shall include, but not be limited to choice of schools, non-emergency medical and dental treatment, sports team commitments. Both parents shall have free access to the child at day-care and school. Both will provide the other with current address and telephone numbers and the parent— either parent when traveling with or without the child will

provide the other with contact information so they could be reached if they were needed.

With the agreement on the record, the family court granted a divorce based on one year of separation without cohabitation and awarded the parties joint custody of their minor child. A final written order, containing slightly different requirements, was filed on July 31, 2001.

By letter dated June 16, 2001, Mother informed Father that their child would be moving from the La Petite daycare facility in West Ashley to the La Petite daycare in Ashley Phosphate. The new location was more convenient to Father's workplace and Mother's home. Father did not respond to this letter, and Mother transferred the child on July 10, 2001. However, Father refused to pick the child up from the Ashley Phosphate location because he believed Mother's decision to change the location of their child's daycare violated the family court's order. Father also refused to discuss the matter with Mother, and on August 6, 2001, Mother returned the child to the West Ashley location in order to ensure that their child would not be deprived of seeing Father.

Father also accused Mother of violating the court order on May 20, 2001, when she completed an application for the child to be enrolled at the Garrett Academy Child Development Center for the following school year. Father complains that Mother did not inform him of this application until August 14, 2001, two days before school was to begin.

Father further argued that Mother violated the court order when she took their child to his annual physical examination and his first dentist appointment without conferring with him, though Mother contended the appointments had been scheduled prior to the May 9, 2001 hearing. Finally, Father argued Mother violated the order by not keeping him informed of her address and by traveling to Baltimore, Maryland for a week in July without informing him of the trip.

Citing the above violations, Father filed a rule to show cause on August 15, 2001. The court found Mother in contempt of the oral and written orders. Specifically, the court found Mother had failed to keep Father informed of the child's whereabouts, failed to consult with Father in making educational decisions, failed to inform Father of vacation plans out

of state, and failed to adequately inform Father regarding medical and dental appointments. For these violations, the court ordered Mother to serve one-year confinement or to pay $2,000.00 of Father's attorney's fees. This appeal follows.

## STANDARD OF REVIEW

On appeal from the family court, this court has jurisdiction to find facts in accordance with our own view of the preponderance of the evidence. *Murdock v. Murdock,* 338 S.C. 322, 328, 526 S.E.2d 241, 244–45 (Ct.App.1999). However, a finding of contempt should not be reversed on appeal unless it is without evidentiary support or amounts to an abuse of discretion. *Stone v. Reddix–Smalls,* 295 S.C. 514, 369 S.E.2d 840 (1988).

## LAW/ANALYSIS

Mother contends the family court erred in finding her in contempt because her ostensibly contemptuous conduct occurred before the written order was entered into and her behavior did not violate the mandates of the oral order. We agree.

In a proceeding for contempt, the moving party must show the existence of a court order and the facts establishing noncompliance with the order. *Eaddy v. Oliver,* 345 S.C. 39, 41, 545 S.E.2d 830, 831 (Ct.App.2001). Before a party may be found in contempt, the record must clearly and specifically show the contemptuous conduct. *State v. Bevilacqua,* 316 S.C. 122, 129, 447 S.E.2d 213, 217 (Ct.App.1994).

In the present case, the oral order required the parties to make a good faith effort to reach a mutual decision on all major decisions concerning the child's life, including choice of schools and non-emergency medical or dental treatment. The evidence on the record shows that Mother sent Father a letter before changing the location of their child's daycare. When Father did not respond to the letter after three weeks, Mother brought the child to the new location. While this unilateral action may have violated the later written order, which requires the parties to consult and agree on all major decisions, her behavior did not violate the oral order because she made a

good faith effort to consult with Father. Furthermore, by merely filling out an application to enroll their child in four-year-old kindergarten at Garrett Academy, Mother did not violate the court's order because she had not yet made any decision on behalf of the child. Although the written order had been entered into requiring the parties to actually agree on all choice-of-school decisions by the time Mother informed Father of the Garrett Academy application, Father filed this contempt action before the child ever changed schools.

Next, Father argues that Mother failed to provide him with contact information when she and the child traveled to Baltimore in July. According to the oral order, when the parties traveled out of town, they were required to "provide the other with contact information so they could be reached if they were needed." [1] Although Mother did not give Father the address of where she was staying, Father did have Mother's cell phone number, which would have enabled him to contact her if she or the child were needed.

Father also argues Mother violated the court order by failing to inform him of their child's annual doctor's appointment and his first dental appointment. However, the oral order only required the parties to make mutual decisions on all medical or dental *treatment*. Because the order was unclear whether the parties needed to consult each other for routine medical or dental *check-ups*, Mother's failure to inform Father of these appointments does not amount to a willful violation of the court order. *See Welchel v. Boyter*, 260 S.C. 418, 421, 196 S.E.2d 496, 497 (1973) ("One may not be convicted of contempt for violating a court order which fails to tell him in definite terms what he must do and the language of the commands must be clear and certain rather than implied.").

Finally, Father argues Mother failed to keep him informed of her home address. In its order finding Mother in contempt, the family court found as a fact that:

> [Mother] failed to inform [Father] of her address and phone number. Documentary evidence admitted into the record by both parties reflects that the Garrett Academy applica-

---

**1.** The written order required the parent in custody of the child to notify the other of the child's general whereabouts; however, Mother traveled to Baltimore with the child before the written order was filed. The oral order did not contain this requirement.

tion and the La Peitite application completed on June 20, 2001, contain the North Charleston address at which [Mother] presently resides. . . . [Mother] testified that she did not advise [Father] that she had moved or give him her North Charleston address until July 10, 2001. She had been living there for approximately two weeks at that time.

Mother testified that although she had planned to move to her North Charleston mobile home before the month of July, she did not actually move there until July 9, the day before she gave Father her new address. Corroborating her testimony, Mother submitted to the court the contract she signed for the mobile home, which was dated July 9, 2001. Thus, despite the fact that Mother wrote the North Charleston address on the child's school applications in June, there is no evidence in the record to support the family court's finding that Mother had moved into the mobile home by June 20, 2001 and then waited two weeks before telling Father about her move. Rather, the evidence indicates Mother did not move until July 9.

Accordingly, we reverse the family court order finding Mother in contempt.[2]

**REVERSED.**

ANDERSON and BEATTY, JJ., concur.

---

**2.** Because we reverse the family court order finding Mother in contempt, we need not address Mother's other arguments on appeal.