660 S.E.2d 515

**Jerri L. ABATE, Respondent**

v.

**Alfonso A. ABATE, Appellant.**

**No. 4361.**

Court of Appeals of South Carolina.

Submitted Feb. 1, 2008.

Decided March 20, 2008.

550

Gregory Samuel Forman, of Charleston, for Appellant.

Nathaniel Elliott Barnwell, of Charleston, for Respondent.

CURETON, A.J.:

In this family court action to enforce a divorce decree incorporating an agreement between the parties, Father appeals the family court's order: (1) holding Father in contempt for his failure to give Child his prescribed medication during summer vacation, (2) excluding Father's work-related childcare expenses from the childcare costs divisible between the parties, and (3) denying Father's motion for attorney's fees. We affirm in part, reverse in part, and remand.[1]

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

## FACTS

Father and Mother married in 1993 and had one child in 1999. In 2004, they divorced in Charleston, South Carolina, on the ground of one year's separation. The parties' divorce decree (Decree) incorporated a written agreement between the parties concerning custody, visitation, and child support. Mother and Child subsequently moved to Ohio. Child visited Father in South Carolina pursuant to the Decree.

Although Mother submitted Child's medical bills to Father for reimbursement under the Decree, Mother obliterated the health care providers' names and addresses to prevent Father from contacting the providers. However, Father successfully identified Child's Ohio pediatrician and psychiatrist, and he contacted them by telephone and in letters Father copied to Mother regarding Child's treatment. In June 2005, Father telephoned Child's Ohio pediatrician and obtained his permission to suspend Child's Attention Deficit Hyperactivity Disorder (ADHD) medication temporarily. Additionally, in May and July 2005, Father contacted Child's Ohio psychiatrist to obtain his opinion concerning temporarily suspending Child's ADHD medicine. The psychiatrist discussed Father's letter with Mother. In July 2005, the psychiatrist sent a letter to Father and Mother, declining to make a recommendation in the matter and suggesting they obtain a second opinion. Later that month, when Child was visiting Father, Father obtained the opinion of a Charleston doctor regarding whether to suspend Child's ADHD medications temporarily in a "drug holiday." The Charleston doctor recommended suspending Child's ADHD medication pending further testing. In September 2005, Mother obtained the opinion of a different Ohio doctor regarding Child's diagnosis of ADHD. That doctor found that Child met "diagnostic criteria for ADHD" and suggested minor modifications to Child's medication regimen but did not opine concerning any effects on Child from the drug holiday.

In September 2005, Mother submitted her work-related childcare costs to Father for reimbursement in accordance with the Decree. Father reimbursed Mother for less than half her expenses, claiming a credit equal to half the amount

Father had expended for work-related childcare costs while Child was in his care over summer vacation.

In March 2006, Father obtained and filed an order and rule to show cause against Mother for nine alleged violations of the Decree. Father requested attorney's fees and costs for his prosecution of the show-cause issues. Mother responded by obtaining and filing her own rule to show cause against Father, alleging two violations of the Decree and requesting attorney's fees and costs. The family court heard both rules to show cause at the same hearing. Initially, the family court found Mother in contempt on three issues and in violation of the Decree on three others; additionally, it found Father in contempt on one issue and in violation of the Decree on another issue. The family court declined to award attorney's fees or costs to either party.

Father moved for reconsideration of eight issues, including contempt findings and the denial of attorney's fees. After rehearing, the family court still declined to award attorney's fees but held Mother in contempt on five issues. It held Father in contempt on one issue, his refusal to give Child his ADHD medication during July 2005. Furthermore, the family court held Father was not entitled to a credit for his childcare expenses and must reimburse Mother the amount of the money he had withheld. The family court did not hold Father in contempt for claiming the childcare credit. This appeal followed.

## LAW/ANALYSIS

### I. Contempt for Failure to Medicate

Father argues the family court erred in holding him in contempt for failing to give Child ADHD medication during summer vacation. We agree.

An appellate court should reverse a decision regarding contempt only if it is without evidentiary support or the trial judge has abused his discretion. *Brandt v. Gooding,* 368 S.C. 618, 627, 630 S.E.2d 259, 263 (2006). An appellate court will reverse a manifest abuse of discretion where the error of law is "so opposed to the trial judge's sound discretion as to amount to a deprivation of the legal rights of the party."

*Jeter v. S.C. Dep't of Transp.*, 369 S.C. 433, 438, 633 S.E.2d 143, 145–46 (2006). The term "abuse of discretion" does not reflect negatively on the trial court; rather, it merely indicates the appellate court believes an error of law occurred in the circumstances at hand. *Macauley v. Query*, 193 S.C. 1, 5, 7 S.E.2d 519, 521 (1940).

■■ "Contempt results from a willful disobedience of a court order." *Lindsay v. Lindsay*, 328 S.C. 329, 345, 491 S.E.2d 583, 592 (Ct.App.1997). Willful disobedience requires an act to be "done voluntarily and intentionally with the specific intent to do something the law forbids, or with the specific intent to fail to do something the law requires to be done; that is to say, with bad purpose either to disobey or disregard the law." *Spartanburg Co. Dep't of Soc. Servs. v. Padgett*, 296 S.C. 79, 82–83, 370 S.E.2d 872, 874 (1988). A party seeking a contempt finding for violation of a court order must show the order's existence and facts establishing the other party did not comply with the order. *Hawkins v. Mullins*, 359 S.C. 497, 501, 597 S.E.2d 897, 899 (Ct.App.2004).

■ We find the family court abused its discretion in holding Father in contempt for not giving Child his ADHD medication during summer break. Father and Mother agreed, and the family court ordered, that:

> Both parties shall follow [Child]'s pediatrician's and/or psychiatrist's orders regarding medication, and in particular, that he timely and without interruption takes his prescribed medicine for ADHD and both parties shall ensure that [Child] continues with counseling on a regular basis when he is in their respective care. The parties concur that they shall strive to utilize drug-free methods of raising [Child].

Two of the Decree's three provisions concerning Child's health care required interaction with health care providers. However, the family court held Mother in contempt for "failure to communicate with [Father] on issues of the child's health, education, and welfare and failure to provide [Father] full access" to Child's medical records. The family court specifically found Mother redacted the names and addresses of Child's Ohio medical providers from the documents she provided to Father. Moreover, Mother withheld the second opinion she obtained concerning Child's ADHD diagnosis from

Father until the time of trial. We believe that without full access to Child's Ohio physicians and records, Father could not reasonably be expected to perform his obligations.

Absent direction from Child's Ohio physicians, Father attempted to consult with the physicians whose identities he divined. Child's Ohio pediatrician agreed with Father's suggestion of a drug holiday. After Child's current Ohio psychiatrist declined to opine concerning a drug holiday, Father presented Child to a Charleston physician for an evaluation and recommendation. After exhausting his contacts in Ohio and obtaining the Charleston physician's approval of a temporary suspension of medication, Father stopped giving Child his ADHD medication.[2]

We believe Father's acts demonstrate a good-faith effort to comply with the Decree's requirement to follow Child's "pediatrician's and/or psychiatrist's orders regarding medication." Additionally, we believe Father's temporary, physician-sanctioned drug holiday for Child indicates an effort to comply with the Decree by exploring "drug-free methods of raising [Child]" outside Child's school year to avoid compromising Child's performance in school. Father did not willfully disobey a court order. Therefore, the family court abused its discretion in finding Father in contempt for failing to give Child his ADHD medication during the summer holiday.

## II. Childcare Costs

■ Father argues the family court erred in excluding his summer 2005 work-related childcare expenses from the childcare costs divisible between the parties. We disagree.

■■ In our view, the agreement on its face does not indicate Father's summer 2005 work-related childcare costs should be included in total childcare costs. In any event, the agreement contains no provision for Father to obtain credit

---

2. No health care provider has specifically warned or recommended against a temporary suspension of Child's medication. Both Child's Ohio pediatrician and the Charleston doctor who provided Father's second opinion endorsed the proposed drug holiday. Child's Ohio psychiatrist declined to comment on the proposed drug holiday. The doctor who provided Mother with a second opinion made recommendations for modifications to Child's prescription but did not address whether Child should have a drug holiday outside the school year.

for his work-related childcare costs. "Unambiguous marital agreements will be enforced according to their terms ... regardless of the contract's wisdom or folly, or the parties' failure to guard their rights carefully." *Davis v. Davis,* 372 S.C. 64, 75, 641 S.E.2d 446, 451–52 (Ct.App.2006). A court will only look to extrinsic evidence if an ambiguity exists in the agreement's terms. *Id.* at 75, 641 S.E.2d at 452. In the case at bar, the Decree required that Father "contribute to ... one-half of [Child's] work related childcare costs. MOTHER shall provide FATHER with copies of receipts for same with FATHER reimbursing MOTHER within Thirty (30) days." (emphasis in original) The parties agreed this provision was unambiguous and waived their rights to present additional evidence of intent. Interpretation of this provision thus became a question of law. Consequently, we see no error in the family court's decision to exclude Father's work-related childcare costs.[3]

## III. Attorney's Fees

Father argues the family court erred in denying Father's motion for attorney's fees. We disagree but remand for further consideration of the effects of this appeal on the outcome of this matter.

In a family court matter, "[t]he award of attorney's fees is left to the discretion of the trial judge and will only be disturbed upon a showing of abuse of discretion." *Upchurch v. Upchurch,* 367 S.C. 16, 28, 624 S.E.2d 643, 648 (2006).

The family court did not abuse its discretion in declining to award either party attorney's fees in this matter. Under South Carolina law, the family court has jurisdiction to determine whether to award attorney's fees in a matter properly before it. S.C.Code Ann. § 20–7–420(A)(38) (Supp.2006). The family court may award attorney's fees under different theories.[4] Here, the family court evaluated the request on the

---

3. Our decision today does not preclude the parties from petitioning the family court to reinterpret the provision to ascertain the intention of the parties.

4. The issue of whether the family court applied the correct standard to the question of attorney's fees is not preserved for our review. Howev-

basis of beneficial results. "In making this determination, the court should evaluate the requesting party's ability to pay, the parties' respective financial conditions, the effect of the award on each party's standard of living, and the beneficial results achieved." *Upchurch*, 367 S.C. at 28, 624 S.E.2d at 648. A beneficial result will not secure an award of attorney's fees where the other factors do not support such an award. *Mazzone v. Miles*, 341 S.C. 203, 214, 532 S.E.2d 890, 895 (Ct.App. 2000).[5]

In declining to award attorney's fees to either side, the family court found each party had achieved beneficial results. Of the nine issues for which Father sought a contempt ruling against Mother, the family court held Mother in contempt on

---

er, we note the family court could have applied the compensatory contempt theory enunciated in *Miller v. Miller*, 375 S.C. 443, 463, 652 S.E.2d 754, 764–65 (Ct.App.2007):

> Courts, by exercising their contempt power, can award attorney's fees under a compensatory contempt theory. *Harris–Jenkins v. Nissan Car Mart, Inc.*, 348 S.C. 171, 178–79, 557 S.E.2d 708, 711–12 (Ct.App.2001). Compensatory contempt seeks to reimburse the party for the costs it incurs in forcing the non-complying party to obey the court's orders. "In a civil contempt proceeding, a contemnor may be required to reimburse a complainant for the costs he incurred in enforcing the court's prior order, including reasonable attorney's fees. The award of attorney's fees is not a punishment but an indemnification to the party who instituted the contempt proceeding." *Poston v. Poston*, 331 S.C. 106, 114, 502 S.E.2d 86, 90 (1998); *Lindsay v. Lindsay*, 328 S.C. 329, 345, 491 S.E.2d 583, 592 (Ct.App. 1997) ("A compensatory contempt award may include attorney fees."); *Curlee v. Howle*, 277 S.C. 377, 386–87, 287 S.E.2d 915, 919–20 (1982) ("Compensatory contempt is a money award for the [Wife] when the [Husband] has injured the [Wife] by violating a previous court order.... Included in the actual loss are the costs of defending and enforcing the court's order, including litigation costs and attorney's fees."). The court is not required to provide the contemnor with an opportunity to purge himself of these attorney's fees in order to hold him in civil contempt. *Floyd v. Floyd*, 365 S.C. 56, 76, 615 S.E.2d 465, 476 (Ct.App.2005) (citing *Poston*, 331 S.C. at 111–15, 502 S.E.2d at 88–91). "[T]he award of attorney's fees is not part of the punishment; instead, this award is made to indemnify the party for expenses incurred in seeking enforcement of the court's order." *Id.* at 77, 615 S.E.2d at 476 (quoting *Poston*, 331 S.C. at 111–15, 502 S.E.2d at 88–91).

5. Because the reasonableness of attorney's fees is not at issue here, we do not consider the factors enunciated in *Glasscock v. Glasscock*, 304 S.C. 158, 161, 403 S.E.2d 313, 315 (1991).

five and found her in violation of the Decree, but not in contempt, on one. Of the three issues for which Mother sought a contempt ruling against Father, the family court held Father in contempt on one and in violation of the Decree, but not in contempt, on one. It appears each party prevailed on at least one issue and successfully defended against at least one issue, thereby achieving a beneficial result.

No evidence exists concerning either party's ability to pay, either party's financial condition, or the likely effect of such an award on either party's standard of living. The issues presented to the family court were complex, and we believe both parties proceeded in good faith. Accordingly, we find the family court did not abuse its discretion in ordering each party to pay his or her own attorney's fees. However, because we herein reverse the family court's finding of contempt for Father's failure to medicate, Father is no longer in contempt on any issues and has prevailed on six issues. By contrast, Mother was found in contempt on five issues and has prevailed on one, the issue of Father's claimed credit for childcare costs.[6] Consequently, we remand on the issue of attorney's fees for consideration of the effects of this appeal.

## CONCLUSION

As to the issue of contempt, we find Father made good-faith efforts to comply with the terms of the Decree by giving Child a physician-recommended drug holiday. Because Father did not willfully disobey a court order, we find the family court erred in holding Father in contempt for temporarily suspending Child's ADHD medication. Accordingly, we reverse the order of the family court on this issue.

As to the issue of Father's work-related childcare costs, we find the governing language of the Decree does not provide for Father receiving credit or childcare costs he expended. We find the family court did not err in excluding Father's

---

6. Although we affirm the family court's ruling that Father may not take a credit for his summer 2005 childcare expenses, we believe the language in the Decree addressing this issue is ambiguous, and the issue of future childcare expenses ultimately may be resolved in either Father's or Mother's favor.

summer 2005 work-related childcare costs from its analysis, and we affirm the order of the family court on this issue.

Finally, as to the issue of attorney's fees, we remand this issue to the family court for further consideration in light of this decision.

Accordingly, the order of the family court is

**AFFIRMED IN PART, REVERSED IN PART, and RE-MANDED.**

HEARN, C.J., and PIEPER, J., concur.