THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Lynn Marcantoni, Appellant,
 
 
 

v.

 
 
 
 Michael Johnson, Respondent.
 
 
 

Appeal From Aiken County
Peter R. Nuessle, Family Court Judge

Unpublished Opinion No. 2012-UP-168
 Submitted February 1, 2012  Filed March
7, 2012

AFFIRMED

 
 
 
 Mark J. Devine and Bruce B. I. Hoover,
 both of Aiken, for Appellant.
 Aaron G. Walsh, of Aiken, for Respondent.
 
 
 

PER CURIAM: Lynn
 Marcantoni appeals the family court's order on her rule to show cause motion,
 arguing the family court abused its discretion in not finding Michael Johnson in
 contempt because clear and convincing evidence existed to show that he was in
 willful contempt.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and
 the following authorities: 
1.  As to whether the family court
 erred in finding Johnson was not in willful contempt for failure to pay Marcantoni
 alimony: Tracy v. Tracy, 384 S.C. 91, 96, 682 S.E.2d 14, 17 (Ct. App.
 2009) ("A [family] court's determination regarding contempt is subject to
 reversal where it is based on findings that are without evidentiary support or
 where there has been an abuse of discretion.  An abuse of discretion occurs
 either when the court is controlled by some error of law or where the order,
 based upon findings of fact, lacks evidentiary support." (citation and
 quotation marks omitted)); Pittman v. Pittman, 395 S.C. 209, 217-18, 717
 S.E.2d 88, 92 (Ct. App. 2011) (finding the appellate court can make its own
 findings of fact if the record is sufficient, even if the family court failed
 to set forth specific findings of fact and conclusions of law to support its
 decision); Hawkins v. Mullins, 359 S.C. 497, 501, 597 S.E.2d 897, 899 (Ct.
 App. 2004) ("A party may be found in contempt of court for the willful
 violation of a lawful court order."); Abate v. Abate, 377 S.C. 548,
 553, 660 S.E.2d 515, 518 (Ct. App. 2008) ("Contempt results from a willful
 disobedience of a court order. Willful disobedience requires an act to be done
 voluntarily and intentionally with the specific intent to do something the law
 forbids, or with the specific intent to fail to do something the law requires
 to be done; that is to say, with bad purpose either to disobey or disregard the
 law." (citation and quotation marks omitted)).  
2.  As to whether the family court
 failed to make conclusions of law as required by Rule 52(a), SCRCP: In re
 Treatment & Care of Luckabaugh, 351 S.C. 122, 152, 568 S.E.2d 338,
 353 (2002) (finding a party must raise a deficiency concerning an order's failure
 to comply with the standards of Rule 52(a), SCRCP, in a Rule 59(e), SCRCP,
 motion to the trial court in order to preserve the issue for appeal).  
AFFIRMED.
PIEPER,
 KONDUROS, and GEATHERS, JJ., concur.
[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.