THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 LeGrand Ariail
 Rouse, III, Respondent,
 
 
 

v.

 
 
 
 Tara E. Nauful, Appellant.
 
 
 

Appeal from Richland County
Gwendlyne Y. Smalls, Family Court Judge

Unpublished Opinion No. 2012-UP-198
 Submitted March 1, 2012  Filed March 21,
2012    

AFFIRMED

 
 
 
 Gene Trotter, of Columbia, for Appellant.
 Stevens Bultman Elliott, of Columbia, for
 Respondent.
 
 
 

PER CURIAM: Tara
 E. Nauful (Wife) appeals the family court's order of contempt, arguing the
 family court erred in (1) holding Wife in contempt for failing to provide the
 name and contact information of her child's caretaker and (2) awarding $1,500
 in attorney's fees to LeGrand Ariail Rouse, III. We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:  
1. As to whether the family
 court erred in holding Wife in contempt: DiMarco v. DiMarco, 393 S.C.
 604, 607, 713 S.E.2d 631, 633 (2011) ("A finding of contempt rests within
 the sound discretion of the trial judge."); Abate v. Abate, 377
 S.C. 548, 552, 660 S.E.2d 515, 518 (Ct. App. 2008) ("An appellate court
 should reverse a decision regarding contempt only if it is without evidentiary
 support or the trial judge has abused his discretion.").  
2. As to whether the
 family court erred in awarding attorney's fees to Rouse: Davis v. Davis, 372 S.C. 64, 88, 641 S.E.2d 446, 458 (Ct. App. 2006) ("An
 award of attorney's fees lies within the sound discretion of the family court
 and will not be disturbed on appeal absent an abuse of discretion."); E.D.M.
 v. T.A.M., 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992) (providing the
 test for whether attorney's fees should be awarded); Glasscock v. Glasscock,
 304 S.C. 158, 161, 403 S.E.2d 313, 315 (1991) (providing the factors to assess
 whether the amount of an award of attorney's fees is reasonable).
AFFIRMED.
PIEPER,
 KONDUROS, and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.