**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Linda Fernandes, Respondent,

v.

Joseph Fernandes, Appellant.

Appellate Case No. 2011-198447

Appeal From Charleston County
W. Thomas Sprott, Jr., Family Court Judge

Unpublished Opinion No. 2014-UP-024
Submitted October 1, 2013 – Filed January 22, 2014

**AFFIRMED**

John D. Elliott, of Law Offices of J. Elliott, of Columbia,
for Appellant.

Cynthia Barrier Patterson, of Columbia, and David Dusty
Rhoades, of Charleston, for Respondent.

**PER CURIAM:** Joseph Fernandes appeals from a family court order, arguing the family court erred in declining to find Linda Fernandes in contempt. Additionally, he argues if this court reverses the family court order, this court should also reverse the family court's attorney's fees award. We affirm pursuant to Rule 220(b),

SCACR, and the following authorities:[1] *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011) ("In appeals from the family court, [appellate courts] review[] factual and legal issues de novo."); *Lewis v. Lewis*, 392 S.C. 381, 392, 709 S.E.2d 650, 655 (2011) ("[W]hile retaining the authority to make our own findings of fact, we recognize the superior position of the family court . . . in making credibility determinations." (footnote omitted)); *id.* (stating the burden is upon the appellant to convince the appellate court the preponderance of the evidence is against the family court's findings); *id.* at 388-89, 709 S.E.2d at 654 ("Stated differently, de novo review neither relieves an appellant of demonstrating error nor requires us to ignore the findings of the family court." (italics omitted)); *Tirado v. Tirado*, 339 S.C. 649, 654, 530 S.E.2d 128, 131 (Ct. App. 2000) ("Contempt is a consequence of the willful disobedience of a court order."); *Abate v. Abate*, 377 S.C. 548, 553, 660 S.E.2d 515, 518 (Ct. App. 2008) ("A party seeking a contempt finding for violation of a court order must show the order's existence and facts establishing the other party did not comply with the order."); *Curlee v. Howle*, 277 S.C. 377, 382, 287 S.E.2d 915, 918 (1982) (holding for a finding of contempt, a record must be "clear and specific as to the acts or conduct upon which such finding is based").[2]

**AFFIRMED.**[3]

**FEW, C.J., and PIEPER and KONDUROS, JJ., concur.**

---

[1] We recognize the family court erred in finding the Rule 59, SCRCP, motion untimely. Because we have addressed the merits of all issues included in that motion that were raised on appeal, Appellant did not suffer prejudice.

[2] Because we are affirming the order of contempt, we also affirm the award of attorney's fees.

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.