**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Russell Timmy Cumbee, Appellant,

v.

Brandi Fox-Cumbee, Respondent.

Appellate Case No. 2014-002149

———

Appeal From Charleston County
Jack A. Landis, Family Court Judge

———

Unpublished Opinion No. 2016-UP-079
Submitted February 1, 2016 – Filed February 24, 2016

———

**REVERSED**

———

Robert N. Rosen, of Rosen Law Firm, LLC, and Chris Paton, of Chris Paton, LLC, both of Charleston, and Alexandra DeJarnette Varner, of Alexandra D. Varner, PA, of Mount Pleasant, for Appellant.

Sabrina R. Grogan, of Sabrina R. Grogan, Attorney at Law, of Mt. Pleasant, and Emma Isabelle Bryson, of Bryson Law Office, LLC, of Columbia, for Respondent.

———

**PER CURIAM:** In this family court action between Russell Timmy Cumbee (Husband) and Brandi Fox-Cumbee (Wife), Husband appeals from an order holding him in civil contempt of court, arguing the court erred in (1) holding him in contempt of court because the family court order does not clearly direct the parties to respond to each other's inquiries about health care appointments that never occurred and any violation of the order was not willful, and (2) awarding attorney's fees and costs to Wife. We reverse[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to whether the family court erred in holding Husband in contempt: *DiMarco v. DiMarco*, 393 S.C. 604, 607, 713 S.E.2d 631, 633 (2011) ("Civil contempt must be shown by clear and convincing evidence."); *Widman v. Widman*, 348 S.C. 97, 119, 557 S.E.2d 693, 705 (Ct. App. 2001) ("Contempt results from the willful disobedience of a court order, and before a court may find a person in contempt, the record must clearly and specifically reflect the contemptuous conduct."); *Ex parte Cannon*, 385 S.C. 643, 661, 685 S.E.2d 814, 824 (Ct. App. 2009) ("A willful act is one . . . done voluntarily and intentionally with the specific intent to do something the law forbids, or with the specific intent to fail to do something the law requires to be done; that is to say, with bad purpose either to disobey or disregard the law." (alteration in original) (citation omitted)); *Abate v. Abate*, 377 S.C. 548, 554, 660 S.E.2d 515, 519 (Ct. App. 2008) (finding a good faith attempt to comply with the court's order did not warrant a finding of contempt); *Durlach v. Durlach*, 359 S.C. 64, 70, 596 S.E.2d 908, 912 (2004) (stating an appellate court should reverse a decision regarding contempt if it is without evidentiary support or the circuit court abused its discretion).

2.      As to whether the family court erred in awarding Wife attorney's fees and costs: *Myers v. Myers*, 391 S.C. 308, 321, 705 S.E.2d 86, 93 (Ct. App. 2011) ("[I]t is not improper for this court to reverse an attorney's fees award when the substantive results achieved by trial counsel are reversed on appeal.").

**REVERSED.**

**FEW, C.J., and SHORT and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.