**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Lukas Stasi and Brittney L. Stasi, Appellants,

v.

Mallory Sweigart, and Matthew Kidwell, Defendants,

Of whom Mallory Sweigart is the Respondent.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2018-000044

———————

Appeal From York County
David G. Guyton, Family Court Judge

———————

Unpublished Opinion No. 2019-UP-384
Submitted November 1, 2019 – Filed December 10, 2019

———————

**REVERSED**

———————

Thomas Franklin McDow IV, of McDow and Urquhart, LLC; and Barrett Wesley Martin, of Barrett W. Martin, P.A., both of Rock Hill, for Appellants.

Stephen D. Schusterman, of Schusterman Law Firm, of Rock Hill, for Respondent.

April Dawn Porter, of Law Office of April D. Porter, P.C., of Chester, for the Guardian ad Litem.

---

**PER CURIAM:**  Lukas Stasi and Brittney L. Stasi appeal an order finding them in contempt of court for not allowing Mallory Sweigart (Mother) to visit Mother's minor child (Child).  On appeal, the Stasis argue (1) a person cannot be held in contempt for violating an order that fails to tell him in definite terms what he must do, (2) Mother testified the 2015 order awarding the Stasis custody was vague, and (3) the facts do not support the contempt finding.  Next, they assert they were justified in denying visitation because the 2015 order required Mother to attend counseling as a prerequisite to visitation, and an April 2016 order dismissing Mother's custody modification action found no substantial change in circumstances.  Finally, they contend the family court erred in awarding attorney's fees.  We reverse the finding of contempt and the award of attorney's fees.

On appeal from the family court, this court reviews factual and legal issues de novo.  *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011); *Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011).  Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony.  *Lewis*, 392 S.C. at 385, 709 S.E.2d at 651-52.

"Contempt is a consequence of the willful disobedience of a court order."  *Noojin v. Noojin*, 417 S.C. 300, 306, 789 S.E.2d 769, 772 (Ct. App. 2016) (quoting *Tirado v. Tirado*, 339 S.C. 649, 654, 530 S.E.2d 128, 131 (Ct. App. 2000)).  "A party seeking a contempt finding for violation of a court order must show the order's existence and facts establishing the other party did not comply with the order."  *Id.* (quoting *Abate v. Abate*, 377 S.C. 548, 553, 660 S.E.2d 515, 518 (Ct. App. 2008)).  "Once the movant makes a prima facie showing by pleading an order and demonstrating noncompliance, 'the burden shifts to the respondent to establish his defense and inability to comply.'"  *Id.* at 307, 789 S.E.2d at 772 (quoting *Eady v. Oliver*, 345 S.C. 39, 42, 545 S.E.2d 830, 832 (Ct. App. 2001)).  "Civil contempt must be shown by clear and convincing evidence."  *Id.* at 306-07, 789 S.E.2d at 772 (quoting *DiMarco v. DiMarco*, 393 S.C. 604, 607, 713 S.E.2d 631, 633 (2011)).

Mother did not prove by clear and convincing evidence that the Stasis willfully violated the October 2015 custody order.  The 2015 order, which granted Mother monthly visitation, required Mother to "continue in weekly Borderline Personality

Disorder therapy sessions." Pertinently, the order provided that if Mother "fail[ed] to attend regular therapy sessions, [her] visitation shall be suspended pending a subsequent one month of regular therapy attendance." At the contempt hearing, Mother acknowledged Robert Klein, her psychologist, was not treating her for borderline personality disorder. She also testified the Stasis refused her visitation in October and November 2017 after they spoke with Klein and learned he was not treating Mother using dialectical behavioral therapy (DBT).[1] Mother maintains she successfully completed the DBT program and therefore was no longer bound by the order to attend weekly therapy. Lukas stated the Stasis denied visitation because Mother was not attending therapy for borderline personality disorder. The order contained no language allowing Mother to modify or omit therapy upon successful completion of the DBT program. Because the 2015 order provided Mother's visitation would be suspended if she did not attend weekly therapy for borderline personality disorder and Mother admitted she was not attending weekly therapy for borderline personality disorder, the Stasis did not willfully violate the 2015 order. *See Cty. of Greenville v. Mann*, 347 S.C. 427, 435, 556 S.E.2d 383, 387 (2001) ("One may not be convicted of contempt for violating a court order which fails to tell him in definite terms what he must do." (quoting *Welchel v. Boyter*, 260 S.C. 418, 421, 196 S.E.2d 496, 498 (1973))).

Because we reverse the finding of contempt, we also reverse the award of attorney's fees. *See Sexton v. Sexton*, 310 S.C. 501, 503, 427 S.E.2d 665, 666 (1993) (providing appellate courts have reversed awards of attorney's fees when "the substantive results achieved by counsel were reversed on appeal").

**REVERSED.**[2]

**LOCKEMY, C.J., and KONDUROS and HILL, JJ., concur.**

---

[1] DBT is a type of therapy used to treat borderline personality disorder. Mother was attending DBT when the parties mediated the custody agreement.

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.