THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Amy Lowe Madding Marcello, Respondent,

v.

Patrick Ryan Marcello, Appellant.

Appellate Case No. 2018-002120

---

Appeal From Spartanburg County
Usha J. Bridges, Family Court Judge

---

Unpublished Opinion No. 2020-UP-158
Submitted April 1, 2020 – Filed May 27, 2020
Withdrawn, Substituted, and Refiled August 26, 2020

---

**AFFIRMED**

---

Gregory Samuel Forman, of Gregory S. Forman, P.C., of Charleston; and William Sylvester Hammett, III, of Cobb, Dill & Hammett, LLC, of Mt. Pleasant, both for Appellant.

Amy Lowe Madding Marcello, of Simpsonville, pro se.

---

**PER CURIAM:** Patrick Marcello (Father) appeals the family court's contempt order, arguing the family court erred by (1) declining to hold Amy Marcello (Mother) in contempt for failing to have the the parties' minor children ready for

visitation at the appointed time on April 19, June 14, and July 26, 2018, and (2) finding only $4,500 of his request for $10,751.41 in attorney's fees and costs was reasonable. We affirm.

1. We find the family court did not err by declining to hold Mother in contempt for failing to have the children ready for visitation at the appointed time on April 19, June 14, and July 26, 2018. Mother's testimony, the email she sent Father on April 19, the photograph she took of the clock in her car, and other evidence in the record show she made good faith attempts to comply with the court-ordered visitation schedule and therefore did not willfully violate a court order. *See Stoney v. Stoney*, 422 S.C. 593, 596, 813 S.E.2d 486, 487 (2018) ("[T]he proper standard of review in family court matters is de novo . . . ."); *Lewis v. Lewis*, 392 S.C. 381, 389, 708 S.E.2d 650, 654 (2011) ("[D]e novo review neither relieves an appellant of demonstrating error nor requires [this court] to ignore the findings of the family court."); *Messer v. Messer*, 359 S.C. 614, 620, 598 S.E.2d 310, 314 (Ct. App. 2004) (noting appellate courts are "mindful that the [family court], who saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony"); *Noojin v. Noojin*, 417 S.C. 300, 306, 789 S.E.2d 769, 772 (Ct. App. 2016) ("Contempt is a consequence of the willful disobedience of a court order." (quoting *Tirado v. Tirado*, 339 S.C. 649, 654, 530 S.E.2d 128, 131 (Ct. App. 2000))); *id.* at 306-07, 789 S.E.2d at 772 ("Civil contempt must be shown by clear and convincing evidence." (quoting *DiMarco v. DiMarco*, 393 S.C. 604, 607, 713 S.E.2d 631, 633 (2011))); *Abate v. Abate*, 377 S.C. 548, 553, 660 S.E.2d 515, 518 (Ct. App. 2008) ("A party seeking a contempt finding for violation of a court order must show the order's existence and facts establishing the other party did not comply with the order."); *Eaddy v. Oliver*, 345 S.C. 39, 42, 545 S.E.2d 830, 832 (2009) ("[T]he burden [then] shifts to the respondent to establish [a] defense and inability to comply."); *Ex parte Lipscomb*, 398 S.C. 463, 470, 730 S.E.2d 320, 324 (Ct. App. 2012) ("A good faith attempt to comply with the court's order, even if unsuccessful, does not warrant a finding of contempt.").

2. We find Father failed to preserve his claim the family court exceeded its authority by granting Mother a thirty-minute grace period because he did not object to the family court's ruling at trial and failed to file a Rule 59(e), SCRCP, motion after the family court issued its contempt order. *See King v. King*, 384 S.C. 134, 142, 681 S.E.2d 609, 614 (Ct. App. 2009) (finding an issue was not preserved because the appellant did not object when the family court ruled from the bench and did not file a Rule 59(e), SCRCP, motion to alter or amend after the court issued its order).

3.  We find Father failed to preserve his claim the family court erred in finding only $4,500 of his request for $10,751.41 in attorney's fees and costs was reasonable because this issue was not raised to or ruled upon by the family court. *See Buist v. Buist*, 410 S.C. 569, 574, 766 S.E.2d 381, 383 (2014) ("It is well settled that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court to be preserved." (quoting *Pye v. Estate of Fox*, 369 S.C. 555, 564, 633 S.E.2d 505, 510 (2006))).

**AFFIRMED.**[1]

**HUFF, THOMAS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.