**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jason D. Campbell, Respondent,

v.

Stacey Winstead, Appellant.

Appellate Case No. 2018-000415

Appeal From Spartanburg County
Phillip K. Sinclair, Family Court Judge

Unpublished Opinion No. 2021-UP-058
Submitted October 1, 2020 – Filed February 24, 2021

**AFFIRMED**

Kenneth Philip Shabel, of Kennedy & Brannon, P.A., of Spartanburg, for Appellant.

J. Falkner Wilkes, of Greenville, for Respondent.

**PER CURIAM:** Stacey Winstead (Mother) appeals the order of the family court finding her in willful contempt of a final visitation order. The family court ordered Mother to pay $100 and awarded Jason Campbell (Father) an additional week of visitation. We affirm.

Mother and Father never married, and Mother has legal and physical custody of their child (Child). The parties are subject to a final order (Visitation Order) of the family court issued in 2014. The Visitation Order gives Father visitation with Child throughout the year.

In October 2017, Mother apparently made allegations that Child could potentially be abused by Father. The record does not contain actual allegations of abuse of Child against Father. Mother signed a DSS safety plan agreeing to no contact between Father and Child, but Father was not involved in signing the safety plan. DSS unfounded the investigation in December 2017, and visitation between Father and Child resumed.

Father brought the present contempt action alleging that Mother violated the Visitation Order by denying him visitation. At the contempt hearing, Mother admitted she denied the visitation. Mother acknowledged she had a duty to follow the Visitation Order regardless of the DSS investigation. The family court noted if Mother wanted to "change a court order, you just bring an action for an [e]mergency [h]earing, you have a [c]ourt suspend visitation. You just can't do it on your own." In its contempt order, the family court found a DSS safety plan "is not a court order", and noted that Mother "did not file any pleadings to modify visitation during this period of time." Mother was sentenced to five days in jail, purged upon the payment of $100 and further strict compliance with the Visitation Order. Father received an additional week of visitation for the summer of 2018 to make up for the missed visitation.

"In appeals from the family court, [appellate courts] review[ ] factual and legal issues de novo." *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011). "Contempt is a consequence of the willful disobedience of a court order." *Tirado v. Tirado*, 339 S.C. 649, 654, 530 S.E.2d 128, 131 (Ct. App. 2000). "A willful act is one 'done voluntarily and intentionally with the specific intent . . . to fail to do something the law requires to be done . . . .'" *Id.* (quoting *Spartanburg Cty. Dep't of Soc. Servs. v. Padgett*, 296 S.C. 79, 82–83, 370 S.E.2d 872, 874 (1988) (per curiam)). "A party seeking a contempt finding for violation of a court order must show the order's existence and facts establishing the other party did not comply with the order." *Abate v. Abate*, 377 S.C. 548, 553, 660 S.E.2d 515, 518 (Ct. App. 2008). "Civil contempt must be shown by clear and convincing evidence." *DiMarco v. DiMarco*, 393 S.C. 604, 607, 713 S.E.2d 631, 633 (2011).

Here, Mother admitted she intentionally withheld visitation, and Father has proven the contemptuous conduct, so the burden shifts to Mother "to establish [her]

defense and inability to comply." *Henderson v. Henderson*, 298 S.C. 190, 197, 379 S.E.2d 125, 129 (1989). Mother contends her compliance with the DSS safety plan and withholding of visitation does not constitute an act done with bad purpose. Mother states "DSS . . . informed her in no uncertain terms that her child would be placed in an alternative home if she failed to comply." Mother argues it would be "an abuse of judicial discretion" to require her to file a court action to change the Visitation Order because if the investigation was unfounded she would have to pay attorney's fees to Father.

We find the family court did not err in holding Mother in contempt for disregarding the Visitation Order. The DSS safety plan does not hold the authority of law and does not give Mother (or DSS) the authority to circumvent an order of the family court. The DSS safety plan states "I agree that if at any time I find that I cannot or will not comply with . . . this agreement, I must notify DSS immediately." Mother could have notified DSS that she could not comply with the safety plan because of the Visitation Order and DSS could have proceeded from there. Mother admitted at the family court hearing that she knew she was under a family court Visitation Order that she must follow regardless of the DSS investigation. As the family court stated, "[I]f DSS does not file an action, and you don't intend to [follow] a court order, you need to change the court order. That's just the way the system has to work." *See Bass v. S.C. Dep't of Soc. Servs.*, 414 S.C. 558, 576 n.2, 780 S.E.2d 252, 261 n.2 (2015) (DSS's expert testified that the parents "could have refused to sign the safety plan, at which time DSS would have been required to seek a court order to place the children"); *See also Miles v. Miles*, 355 S.C. 511, 519, 586 S.E.2d 136, 140 (Ct. App. 2003) ("It is axiomatic that parties cannot modify a court order.).

**AFFIRMED.**[1]

**HUFF, WILLIAMS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.