15029

MACAULEY v. QUERY *ET AL.*, TAX COMMISSION

(7 S. E. (2d), 519)

September, 1939.

*Messrs. John M. Daniel, Attorney General* and *Claude K. Wingate,* for appellants,

*Messrs. Heyward Brockinton* and *Yancey A. McLeod,* for respondent,

February 28, 1940.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BONHAM.

The issues involved in this appeal are entitled to, and have been given, earnest attention by us because they affect, not only the interests of respondent, but the interests of the public as well, insofar as they relate to the administration of the State liquor laws by the South Carolina Tax Commission, to whom such administration is committed by Act No. 232 of the Acts of 1935. This matter before us relates to the action of the Tax Commission in the matter of considering and acting upon applications for license to operate places dealing in alcoholic liquors.

The history of the transactions which culminated in this appeal is deduced from the "Statement" appended to the transcript of record. The respondent, on or about June 5, 1939, made written application for license as a retail dealer in alcoholic liquors at 1503 Harden Street, Columbia, South Carolina. It is alleged that he has complied with all the requirements of the Act of 1935, and the rules of the Tax Commission relating to the traffic in alcoholic liquors. On or about July 14, 1939, he was notified that his location had been approved and that he could proceed with the renovation of his building to conform to the requirements of the law. This he did at considerable expense. July 25, 1939, he was notified that his license was ready to be issued and he could come to the office of the Tax Commission for it. The following day when he went to the office, in person, to receive it, he was informed that it could not be issued because of a protest as to the location of his building, which had been received that morning. August 1, 1939, the Tax Commission held a hearing on this protest and then refused to issue the license. August 9, 1939, petitioner brought action in the Court of Common Pleas for Richland County upon a petition for writ of mandamus to compel the South Carolina Tax Commission to issue to him the license he applied for. The case was heard by Honorable G. Duncan Bellinger, who, on September 29, 1939, filed his decree which directed the South Carolina Tax Commission "to forthwith issue to J. G. Macauley the license required by law for the operation of a retail liquor store at 1503 Harden Street, Columbia, South Carolina."

The defendants, consisting of W. G. Query, J. P. Derham and John G. Richards, constituting the South Carolina Tax Commission, appeal from this decree.

The record sets forth the petition, the answer and return of the Commission, the exhibits of written evidence, and the order of Judge Bellinger. We do not find it necessary to reproduce these. Frankly, our sympathy is with respondent, the petitioner here, and we are much impressed with the rea-

soning and conclusions of Judge Bellinger's order, but we cannot escape the conclusion that there is but one question involved in this appeal and that is this: Was the granting of the petition for license a matter left to the discretion of the Tax Commission and, if so, did the Commission have the power to refuse to issue it, after it had made investigation and notified petitioner it approved his fitness and the location and would issue his license when he applied at the office?

We think it will not be denied that the Act of 1935 and the Rules and Regulations promulgated by the Tax Commission provide that the Tax Commission shall pass upon the fitness of one who applies for license to engage in the business of selling alcoholic liquors. It also imposes upon the Commission the duty of passing upon the question whether or not the location is a proper place in which to engage in such business. If the Commission is satisfied upon these points, it shall issue the license.

The sharp issue in this appeal is this: When the Commission, having made its investigations, was satisfied with the fitness of the applicant, and that the location was a proper place in which to engage in such business, and had notified the applicant that he would receive his license upon his appearance in person at the office of the Commission, was the Commission so bound by its action that it no longer had any discretion in the matter? It is true that the Act provides that: "Upon presentation to the Tax Commission of the application under oath, provided for in Section 2, (1) if the Tax Commission is convinced that the facts stated in the application are true and that the applicant is a fit person to engage in or operate said business, and that the location is a proper one, then upon compliance by the applicant with the further requirements of this Act, (2) the said Tax Commission shall issue a license to said applicant. * * *." (Numerals added for emphasis). Section 3.

It is conceded that the applicant has complied with the requirements laid upon him by the Act, and the Rules and Regulations of the Commission. It is not suggest-

ed that the Commission, in finally refusing to issue the license, was actuated by any improper motive. At best the only charge that could be made was that the Commission abused its discretion. This Court has defined "abuse of discretion" in this wise: " 'Abuse of discretion' does not mean any reflection upon the presiding judge, and it is a strict legal term, to indicate that the appellate court is simply of the opinion that there was commission of an error of law in the circumstances." *State v. Gregory et al.,* 171 S. C., 535, 172 S. E., 692, 698. Citing *Barrett v. Broad River Power Co.,* 146 S. C., 85, 143 S. E., 650.

In the present case the Tax Commission, in the consideration of the application for license of the petitioner to engage in the sale of alcoholic liquors, after it had made investigations as to the fitness of the applicant to engage in such business, and the propriety of the location, announced its approval of the person and the place, and after they had notified the applicant that they would issue the license, received a protest against the location as a proper place to engage in such business. Thereupon, they held a hearing upon the protest which came from officers of Allen University, a Methodist institution for negroes, and it appearing that the liquor store would be in full view of the campus and dormitories of the school, the Commission was satisfied that this was not a proper location; they, therefore, refused to grant the license.

We cannot say that this was an abuse of the discretion vested in the Commission by the Act.

It follows that the order of the Circuit Judge must be, and is, reversed.

MESSRS. JUSTICES CARTER, BAKER and FISHBURNE concur.