THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Denise G.
 Taylor, Appellant,
 v.
 Thomas D. Taylor, Respondent.
 
 
 

Appeal From Marlboro County
 Roger E. Henderson, Family Court Judge
Unpublished Opinion No. 2008-UP-255
Submitted May 1, 2008  Filed May 14, 2008
AFFIRMED IN PART, REVERSED IN PART, AND
 REMANDED

 
 
 
 Elizabeth Rogers Munnerlyn, of Bennettsville, and John S. Nichols,
 of Columbia, for Appellant.
 Thomas D. Taylor, of Summerville, for Respondent.
 
 
 

PER CURIAM:  This
 action involves collection of a child support arrearage totaling $84,167.71.  Denise
 G. Taylor (Mother) appeals the family courts order requiring Thomas D. Taylor
 (Father) to repay the arrearage at a rate of $200.00 per month, declining to
 garnish Fathers Social Security Disability benefits to pay the arrearage, and
 declining to order Fathers arrearage reported to credit reporting agencies. 
 We ­­­­­affirm in part, reverse in part, and remand.[1]  
FACTS
Father and Mother divorced in 1997.  Mother received custody of
 their two minor daughters, and the family court ordered Father to pay monthly child
 support directly to Mother.[2] 
 Father quickly fell behind in his child support payments.  In 1998 and 2004, Mother
 initiated contempt proceedings in the family court to force Father to pay the arrearage.  
In 1998, the family court found Fathers arrearage was $7,968.00, held
 Father in contempt, and sentenced him to thirty days in the county jail unless
 he adhered to the new payment schedule.  The family court changed the payment
 schedule from monthly to weekly, required Father to pay support through the
 Clerk of Court rather than directly to Mother, and garnished Fathers wages.  
On February 1, 2002, Father sustained a work-related injury. 
 Father settled his Workers Compensation claim for $82,500.00.  Father also
 filed a claim for Social Security Disability benefits listing both children as
 dependents.  
In November 2004, the family court found Fathers arrearage was
 $82,818.80, held father in contempt, and sentenced him to six months in the
 county jail unless he made payments totaling $41,409.40 to Mother and $750.00
 to Mothers attorneys by December 15, 2004.  The family court reprimanded both
 Father and Mother for failing to route Fathers intermittent support payments
 through the Clerk of Court.  Furthermore, the family court found the parties
 had agreed not to require Father to pay child support from November 2002
 through 2003, because their older daughter, Holly, had lived with Father during
 that period.  The South Carolina Department of Social Services and Department
 of Juvenile Justice took custody of Holly in January 2004.  Both parties were
 ordered to pay support for Holly to the Department of Social Services.  Mother
 retained custody of the younger child.  Because Fathers Social Security
 Disability claim was still pending, the family court held the issue of Fathers
 child support obligation in abeyance until after resolution of his Social
 Security Disability claim. 
Father failed to make the required payments and served the jail
 sentence.  In July 2005, the family court continued the hearing on Mothers
 rule to show cause because Mother was unable to obtain service on Father.  In
 November 2005, the family court again continued the hearing in an effort to
 allow both parties to present additional evidence concerning the amount of the
 arrearage.  
In January 2006, the family court held a final hearing on Fathers
 arrearage.  Mother presented her records of Fathers payments and of payments
 she had received for the children from the Social Security Administration.  Father
 asserted he had made payments in addition to those reflected in Mothers
 records and had exchanged child support payments for items like tires and
 furniture.  However, he failed to present any evidence supporting these
 assertions.  Consequently, the family court found Father had made payments
 totaling $28,292.60 since the entry of the initial order of support in 1997.  The
 family court also found Father had expended $30,000.00 of his Workers
 Compensation settlement to make a down payment on a home titled solely in his sisters
 name.  Additionally, Father had received a lump-sum payment of $23,516.20 and
 had begun receiving monthly Social Security Disability benefits of $1,291.20
 through December 2005 and $1,343.50 beginning in January 2006.  The family
 court awarded Mother interest on the arrears through February 1, 2002, the date
 Father became disabled, and terminated child support as of February 1, 2002,
 because of Fathers disability.  The family court recalculated Fathers
 arrearage as $84,167.71 and required Father to repay this amount in monthly
 increments of $200.00.  
Mother filed a motion to reconsider seeking rulings on her request
 for garnishment of Fathers Social Security Disability benefits, her request
 for an order requiring Fathers arrearage to be reported to credit bureaus, and
 other issues.  In August 2006, the family court found Father had failed to pay
 anything under the new schedule.  The family court held Father in contempt
 again and sentenced him to ninety days in the county jail unless he paid Mother
 $1,200.00 by the end of the next day.  The family court denied Mothers motion
 for reconsideration.  This appeal followed.[3]  
STANDARD OF REVIEW
The
 question of child support is largely within the discretion of the family court,
 whose decision will not be disturbed on appeal absent an abuse of discretion.  Hopkins v. Hopkins, 343 S.C. 301, 305, 540 S.E.2d 454, 456 (2000).  An
 abuse of discretion occurs when the court is controlled by some error of law or
 where the order, based upon the findings of fact, is without evidentiary
 support.  Kelley v. Kelley, 324 S.C. 481, 485, 477 S.E.2d 727, 729 (Ct.
 App. 1996).  An appellate court will reverse a manifest abuse of discretion
 where the error of law is so opposed to the trial judges sound discretion as
 to amount to a deprivation of the legal rights of the party.  Jeter v. S.C. Dept of Transp.,
 369 S.C. 433, 438, 633 S.E.2d 143, 145-46 (2006).  The term abuse of
 discretion does not reflect negatively on the trial court; rather, it merely
 indicates the appellate court believes an error of law occurred in the
 circumstances at hand.  Macauley v. Query, 193 S.C. 1, 5, 7 S.E.2d 519,
 521 (1940).  
LAW/ANALYSIS
I.  Repayment
 Schedule  
Mother
 asserts the family court erred in ordering Father to repay the $84,167.71
 arrearage in increments of $200.00 per month, because repayment at this rate
 would span approximately thirty-five years.  We agree.  
The
 family court has exclusive jurisdiction . . . to determine the manner in which
 sums ordered paid for support shall be paid and applied.  S.C. Code Ann. §
 20-7-420(A)(21) (Supp. 2007).  However, [e]quity will always endeavor to
 provide a remedy where one has a right violated.  Matheson v. McCormac,
 186 S.C. 93, 100, 195 S.E. 122, 125 (1938).
The
 family court erred in requiring Father to repay a child support obligation
 totaling more than $84,000.00 at a rate of only $200.00 per month when he
 possessed the means to pay more.  Father began receiving $1,343.50 per month in
 Social Security Disability benefits beginning in January 2006.  No evidence
 exists that this income supported anyone other than himself.  Father stated it was
 his only income.[4] 
 The $200.00 payment ordered by the family court, and ignored by Father, was a
 mere fifteen percent of this monthly benefit.  Moreover, as Mother argues, even
 faithful repayment at this rate would take more than thirty-five years.  The
 children supported by this order would be more than fifty years old before
 repayment was complete.  Where Father has the means to pay more, we view this
 rate as an abuse of discretion.  
Fathers
 monthly payment toward the arrearage should increase to an amount that will
 enable him to repay his child support obligation as quickly as possible while
 still providing for his own needs.  Mother argues in favor of an order
 requiring Father to pay sixty-five percent of his Social Security Disability
 benefit, or approximately $873.00 per month, toward this debt.  While this rate
 would shrink the term of Fathers repayment to approximately eight years, it
 would leave Father unable to provide for his own needs.  Father testified that
 although he paid $30,000 toward the purchase of the home he occupied, he paid
 rent of $984.00 per month on that home rather than a mortgage.  Father
 testified to approximately $200.00 in monthly living expenses, not including
 rent, food, transportation, or insurance.  However, we are unable to determine
 the total amount of Fathers current monthly living expenses.  Therefore, we
 look to the South Carolina Child Support Guidelines (Guidelines) for assistance
 in determining a fair and adequate amount to set aside to meet Fathers needs.[5] 
 The Guidelines recognize a self support reserve of $748.00 per month to ensure
 the obligor has sufficient income available to maintain a minimum standard of
 living and provide for himself.  S.C. Code Regs. § 114-4720(A)(11) (Supp.
 2007).  Setting aside this amount as the minimum necessary to meet Fathers own
 needs, Father realizes a monthly surplus of $595.50.  We believe Father should be
 able to repay his support obligation at a rate of $350.00 per month. 
II.  Garnishment
Mother
 asserts the family court erred in declining to order garnishment of Fathers
 Social Security Disability benefits.  We agree.
The
 income of a child support obligor is subject to immediate withholding as of
 the effective date of the order without the requirement that an arrearage
 accumulate unless the parties agree or a court finds good cause not to order
 the income withheld.  S.C. Code Ann. § 20-7-1315(B)(1) (Supp. 2007).  The
 amount of income withheld must comply with limits enunciated in the Federal
 Consumer Credit Protection Act.  S.C. Code Ann. § 20-7-1315(F)(2)(b) (Supp.
 2007).  Under the Federal Consumer Credit Protection Act, where an obligor is
 not supporting either a spouse or a dependent child who is not the subject of
 the support order, and where the support has been owed for more than twelve
 weeks, the maximum weekly income subject to withholding for payment of a
 support order is sixty-five percent.  15 U.S.C.A. § 1673(b)(2) (West 1998).  Moneys
 payable by the United States government to an individual as remuneration for
 employment are subject to withholding to satisfy support orders.  42 U.S.C.A. §
 659(a) (West Supp. 2007).  Moneys subject to withholding include those amounts
 payable on account of personal services performed by the individual or any
 other individual, such as Social Security Disability benefits.  42 U.S.C.A. §
 659(h)(1)(A) (West Supp. 2007).  
The
 family court erred in failing to order garnishment of Fathers Social Security
 Disability benefits.  Clearly, under South Carolina and federal law, Fathers Social
 Security Disability income is subject to withholding to satisfy his child
 support obligation.  Section 20-7-1315(B)(1) creates a presumption in favor of garnishment,
 with the obligor bearing the resultant burden of proving why the family court
 should refrain from withholding his income.  In the matter at hand, we find
 Father has failed to show good cause for the family court not to order his support
 payments withheld from income.  On the contrary, Fathers record of non-payment
 militates strongly in favor of garnishment.  Father disposed of his Workers
 Compensation and Social Security Disability lump-sum payments totaling more
 than $100,000 without diverting any of those funds to satisfy his child support
 obligation.  Furthermore, Father failed to make a single payment under the
 family courts final order.  The family court sentenced Father to jail on three
 separate occasions for his repeated failure to honor his support obligation.  In
 light of Fathers refusal to honor the family courts previous orders, we see
 no likelihood he will voluntarily comply in the future.  In the absence of a
 written agreement or a showing to the contrary, the family court abused its
 discretion in failing to order garnishment of Fathers Social Security
 Disability benefits.  
III.  Credit Reporting
 Agencies
Mother
 asserts the family court erred in declining to order that Fathers arrearage be
 reported to credit reporting agencies.  We disagree.  
Federal
 law requires each State to enact laws establishing procedures for periodically
 reporting to consumer reporting agencies the names of noncustodial parents
 delinquent in paying child support, as well as the amounts unpaid.  42 U.S.C.A.
 § 666(a)(7) (Supp. 2007).  In South Carolina, the Department of Social Services
 provide[s] consumer credit reporting agencies an automated monthly report of
 obligors in Title IV-D cases who have an arrearage in an amount of one thousand
 dollars or greater.  S.C. Code Ann. § 43-5-585(A) (Supp. 2007).  
Mother
 relies on federal law to support her assertion that the family court erred in
 declining to order Fathers arrearage reported to credit reporting agencies. 
 Mothers reliance on that law is misplaced.  The federal statute required States
 to enact laws establishing certain administrative procedures to ease interstate
 collection of child support arrearages as a condition to the States receiving
 federal moneys for children and families.  The South Carolina Legislature
 complied with this mandate by enacting section 43-5-585(A), under which the
 South Carolina Department of Social Services reports arrearages in certain
 interstate child support cases to credit reporting agencies monthly.  The
 family court does not enact laws on behalf of the State and therefore is not
 bound to fashion its orders in compliance with this statute.  S.C. Const. Art.
 I, § 8.  Consequently, the family court did not err in declining to order
 Fathers arrearage reported.  
CONCLUSION
As to the issue of
 the rate at which Father shall repay his child support arrearage, we find the
 family court erred in setting Fathers rate of repayment at $200.00 per month. 
 We find Father is capable of paying $350.00 per month.  Accordingly, we modify
 the order of the family court to require Father to repay his child support
 arrearage at a rate of $350.00 per month.  
As to the issue of
 garnishment of Fathers monthly Social Security Disability benefits, we find
 the family court erred in declining to issue an order to withhold Fathers
 income.  Father has demonstrated a blatant disregard for the orders of the
 family court and will not likely repay his obligation voluntarily. 
 Consequently, we reverse the order of the family court on this issue and remand
 to the family court with instructions to issue an order requiring withholding
 of the amount of Fathers monthly payment toward his child support arrearage.
As to the issue of
 reporting Fathers arrearage to credit reporting services, we find the family
 court did not err.  South Carolina law requires that child support arrearages
 collected through the South Carolina Department of Social Services be reported
 to credit reporting services on a monthly basis.  However, no such law compels
 the family court to report arrearages.  Therefore, we affirm the order of the
 family court on this issue.  
Accordingly, the
 order of the family court in this matter is 
AFFIRMED
 IN PART, REVERSED IN PART, AND REMANDED.
SHORT and KONDUROS,
 JJ., and CURETON, A.J., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.
[2] The family court ordered Father to pay $2,500.00 per
 month for the first five months, then $1,110.00 per month thereafter.  
[3] Father did not file a respondents brief in this
 matter.  Upon the failure of respondent to timely file a brief, the appellate
 court may take such action as it deems proper.  Rule 208(a)(4), SCACR.  
[4] We acknowledge Mothers argument that federal law
 would permit Father to earn additional income up to $900.00 per month without
 reducing his Social Security Disability benefit.  However, no evidence
 indicates Father has been able to work for more than a few weeks since he
 became disabled.  We therefore decline to impute employment income to him for
 purposes of determining an appropriate rate of repayment.  
[5] The family court discontinued Fathers support order
 due to his disability, and the child support arrearage is no longer
 accumulating.  Ongoing child support is no longer an issue in this matter, and
 therefore, the Guidelines are not mandatory in this matter.  However, we
 believe the Guidelines self support reserve, calculated to protect obligor
 parents, aids us in establishing a baseline income amount to provide for
 Fathers own needs.