713 S.E.2d 631

**Cheryl DiMARCO, Respondent,**

v.

**Brian DiMARCO, Petitioner.**

**No. 27017.**

Supreme Court of South Carolina.

Submitted June 22, 2011.

Decided Aug. 1, 2011.

Brian A. DiMarco, of Greenville, pro se, Petitioner.

Kim R. Varner, of Varner & Segura, of Greenville, for Respondent.

Chief Justice TOAL.

Brian A. DiMarco (Petitioner) sought a writ of certiorari to review the court of appeals' decision that affirmed as modified the family court's contempt order against him. We reverse the court of appeals because the sanction ordered by the family court violates Petitioner's rights under the Sixth Amendment of the United States Constitution.

#### FACTS/PROCEDURAL BACKGROUND

Petitioner was subject to a court order to make monthly child support payments to Cheryl A. DiMarco (Mother). According to Petitioner, he had made child support payments for over ten years before Mother filed for an increase in 2006. The family court instead decreased the support order and ordered the payments be made through the court beginning on April 1, 2008. Petitioner asserts he timely attempted to make the first payment to the court, but the court lacked record of the order and could not accept the payment.

On May 13, 2008, the clerk of the family court filed a Rule to Show Cause because Petitioner was behind on his child support payments. The hearing was scheduled for June 25, 2008, at nine o'clock in the morning. On June 23, 2008, Petitioner paid the arrearage, bringing his child support account to a zero balance.

On the morning of June 25, Petitioner did not appear on time for the Rule to Show Cause hearing before Judge Johnson. Accordingly, Judge Johnson issued a warrant for Petitioner's arrest. No testimony was taken on whether or not Petitioner had failed to pay child support. Shortly thereafter, Petitioner arrived at the courthouse. Because Judge Johnson discovered he and Petitioner were members of the same Rotary Club, Judge Johnson asked Judge Knobel to preside over the hearing.

During the hearing before Judge Knobel, everyone who spoke noted Petitioner did not owe any outstanding child support at that time: the clerk of court ("Our records show that he has a zero balance at this time."), Mother's attorney ("I understand that since then he did pay the correct amount. So I don't think there's any dispute."), Judge Knobel ("I know you have a zero balance at this time."), and Petitioner. During his argument, Mother's attorney stated, "I think the court needs to very much impress upon him taking the law into his own hands and not showing up, not being here on time it's just, just it's driving everyone nuts."

From the bench, Judge Knobel gave the following order:

The sentence is going to be 12 months, it'll be civil contempt I will suspend that he is to have a $250.00 court cost that'll

be due by July 11th. We'll let him out of detention at this point in time.

His written order also indicates a twelve month suspended confinement and $250.00 in court costs payable no later than July 11, 2008. The court of appeals affirmed as modified, holding Petitioner was sentenced to twelve months incarceration, suspended upon his payment of $250.00 in court costs. We granted a writ of certiorari to review that decision.

## STANDARD OF REVIEW

■ A finding of contempt rests within the sound discretion of the trial judge. *Durlach v. Durlach,* 359 S.C. 64, 70, 596 S.E.2d 908, 912 (2004) (citation omitted). Such a finding should not be disturbed on appeal unless it is unsupported by the evidence or the judge has abused his discretion. *Id.*

## ANALYSIS

■ Petitioner argues the court of appeals erred in affirming as modified the family court's contempt order. We agree.

■ Civil contempt must be shown by clear and convincing evidence. *Poston v. Poston,* 331 S.C. 106, 113, 502 S.E.2d 86, 89 (1998). Criminal contempt must be shown beyond a reasonable doubt. *Id.* In determining whether a contempt sanction is criminal or civil, one must identify the purpose for which the sanction is imposed. Whereas civil contempt is either coercive or remedial in nature, criminal contempt is purely punitive. *Id.* at 111, 502 S.E.2d at 88. Incarceration may be either civil or criminal. *Id.* at 112, 502 S.E.2d at 89. The distinguishing factor is whether the incarceration is for a definite period of time, which is the hallmark of criminal contempt, or whether the contemnor may avoid or cut short the incarceration by complying with the court's directive, which indicates civil contempt. *Id.* The difference between the two is substantial because the constitutional safeguards provided in the Sixth Amendment[1] may be triggered in

---

1. The Sixth Amendment states:

   In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the

criminal contempt proceedings. A contemnor has a constitutional right to a jury trial before a criminal sentence of more than six months incarceration may be imposed. *Curlee v. Howle*, 277 S.C. 377, 385, 287 S.E.2d 915, 919 (1982).

Judge Knobel, as the court of appeals noted, stated he intended to hold Petitioner in civil contempt, not criminal contempt. The court of appeals said "the family court's contempt sanction has elements of both civil and criminal contempt." *DiMarco v. DiMarco*, Op. No. 2010–UP–289 (S.C. Ct.App. filed May 24, 2010). The civil element of the sanction, the court found, was that the incarceration would not be imposed unless Petitioner failed to pay the $250.00 to the court. The criminal element was that if Petitioner failed to pay the $250.00, he would be incarcerated for a definite period of time. To remedy the family court's unclear sanction, the court of appeals modified the order and held Petitioner must pay the $250.00 in court costs, and if he failed to do so by the deadline established, then he would be incarcerated for twelve months. In doing so, the court of appeals crafted a sanction that violates Petitioner's Sixth Amendment rights.

We disagree with the court of appeals that the ordered sanction had elements of both civil and criminal contempt. A sanction is either civil or criminal; it cannot be both because they serve different purposes. A judge certainly may order both a civil and a criminal contempt sanction, and, in that case, the sanctions should be separate and distinct. That is not what the family court judge did in this case. The ordered sanction was purely punitive in nature as Petitioner was in full compliance with the support order and there was no necessary act to be compelled through the contempt sanction.

The $250.00 in court costs, ostensibly for appearing late to the first Rule to Show Cause hearing that day, was an allowable criminal contempt sanction because it punished Petitioner for his tardiness and lack of respect for the court. The fine itself, in that regard, is unobjectionable. However, ordering a definite twelve month incarceration if Petitioner failed to

___

nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

U.S. Const. amend. VI.

pay the court costs on time violates Petitioner's right to a jury trial. *Curlee*, 277 S.C. at 385, 287 S.E.2d at 919.

When incarceration is for a definite period of time and the contemnor may not purge the contempt by compliance with a court order, it is criminal incarceration and may trigger the protections of the Sixth Amendment. The court of appeals recognized the incarceration was for a definite period of time, but attempted to introduce a civil contempt element by saying Petitioner could avoid the sentence altogether by paying the court costs as ordered. There is no doubt Petitioner could avoid the incarceration by paying the costs, but clearly any litigant can avoid further sanctions by simple compliance. The problem with this order is that his noncompliance would trigger a twelve month, definite, non-purgeable incarceration, and our law requires Petitioner be afforded a jury trial before receiving such a sentence. The trial transcript is clear that Petitioner was not allowed a jury trial, nor was he allowed to have his attorney present.

## CONCLUSION

For the above reasons, we reverse the court of appeals' decision and the ordered sanctions.

PLEICONES, BEATTY and KITTREDGE, JJ., concur.

HEARN, J., not participating.