750 S.E.2d 105

**Matthew WARD, Respondent,**

**v.**

**Katherine WASHINGTON, Appellant.**

**Appellate Case No. 2012–212378.**
**No. 5179.**

Court of Appeals of South Carolina.

Submitted Oct. 9, 2013.

Decided Oct. 30, 2013.

250

Shannon Phillips Jones, of Shannon Jones, Attorney at Law, LLC, of Charleston, for Appellant.

Douglas Alan Barker, of Charleston, for Respondent.

LOCKEMY, J.

Katherine Washington (Mother) appeals a contempt order, arguing the family court erred in (1) finding she willfully violated the family court's 2009 order, (2) imposing criminal sanctions without a finding of willful violation beyond a reasonable doubt, and (3) awarding Matthew Ward (Father)

attorney's fees.  We reverse in part and remand to the family court.[1]

## FACTS/PROCEDURAL BACKGROUND

On March 27, 2007, Mother and Father were divorced.  The parties have two minor children.  Mother and the children live in Charlotte, North Carolina and Father lives in Charleston, South Carolina.  In 2009, the parties entered into a settlement agreement regarding visitation and custody of the children.  Pursuant to the agreement, the parties retained joint custody of the children with Mother designated as the primary custodial parent and Father designated as secondary custodial parent.  The settlement agreement allowed Father to select visitation with the children as follows:

> In lieu of his every-other-weekend visitation, Easter, Memorial Day and Labor Day visitation during the school year, Father shall be allowed to select one weekend in August and December, two weekends in September, October, January, February and May, three weekends total in March and April in odd numbered years and four weekends total in March and April in even numbered years, two weekends in November in even numbered years and one weekend in November in odd numbered years.  Father shall select these weekends in writing by the 15th of the previous month, and shall not be allowed to select weekends that conflict with Mother's Spring Break, Thanksgiving or Christmas visitation.  Father shall not select Mother's day weekend for his May visitation.  Mother shall provide Father the children's school schedule as soon as she receives it.  Father shall then select the weekends he wants.

The agreement further provided Mother and Father would have the children on alternating Christmas, Thanksgiving, Spring Break, and Easter holidays.  On November 3, 2009, the family court approved the settlement agreement and incorporated it into a final order.

On September 19, 2011, Father filed a petition for a rule to show cause alleging Mother willfully violated the 2009 order.  Specifically, Father alleged Mother refused to allow him to visit the children on Labor Day 2011 weekend.  Father stated

---

1.  Pursuant to an agreement by the parties, this case was decided on the briefs and record.

Mother's interference with his visitation was an ongoing issue and noted Mother had previously been held in contempt for similar behavior.[2] Father requested the family court find Mother in civil and criminal contempt and asked that she be required to pay his attorney's fees and costs. In her return to Father's petition for rule to show cause, Mother denied Father's allegation that she was in willful contempt of the 2009 order. Mother asserted Father was not entitled to Labor Day visitation pursuant to the clear language of the 2009 order. Mother also requested attorney's fees and costs.

A hearing was held before the family court on January 30 and February 22, 2012. At the hearing, Mother admitted she denied Father's request for Labor Day 2011 visitation, however she denied she willfully violated the 2009 order. Mother claimed Father, by agreeing to the terms "[i]n lieu of his ... Labor Day visitation," forfeited his right to Labor Day visitation with the children. Father testified the children had spent the 2010 Labor Day holiday with him in Charleston without objection from Mother.

The family court found Mother willfully violated the 2009 order by denying Father's Labor Day visitation request and held her in contempt. The court fined Mother $1,500, suspended upon the condition that she not be held in future contempt for further interference with Father's visitation. Additionally, the family court ordered Mother to pay Father's attorney's fees in the amount of $2,500.[3] Mother subsequently filed a motion to reconsider. The family court denied Mother's motion, noting the parties opted out of traditional visitation and "[n]othing in the [2009] Order specifically prohibits [Father] from selecting Memorial Day or Labor Day as part of his weekend visitations." The family court noted that while it understood Mother's interpretation of the 2009 order, it read the order more broadly and looked at the totality of the circumstances. The family court found it "troubling" that Mother "cited a variety of different reasons" in emails to

---

2. The 2009 order states: "Mother acknowledges that she is in civil contempt for denying Father his visitation in September, 2009. The parties agree that further visitation interference can be treated as criminal contempt."

3. Father requested $4,785 in attorney's fees.

Father as to why Father should not have Labor Day visitation, but indicated in her testimony that the real reason she wanted the children that weekend was that she had planned a birthday party for several family members. Mother appealed.

**STANDARD OF REVIEW**

"The family court is a court of equity." *Lewis v. Lewis,* 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011). In appeals from the family court, the appellate court reviews factual and legal issues de novo. *Simmons v. Simmons,* 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011). "De novo review permits appellate court fact-finding, notwithstanding the presence of evidence supporting the [family] court's findings." *Lewis,* 392 S.C. at 390, 709 S.E.2d at 654–55. However, this broad standard of review does not require the appellate court to disregard the factual findings of the family court or ignore the fact that the family court is in the better position to assess the credibility of the witnesses. *Pinckney v. Warren,* 344 S.C. 382, 387, 544 S.E.2d 620, 623 (2001). Moreover, the appellant is not relieved of the burden of demonstrating error in the family court's findings of fact. *Id.* at 387–88, 544 S.E.2d at 623. Accordingly, we will affirm the decision of the family court unless its decision is controlled by some error of law or the appellant satisfies the burden of showing the preponderance of the evidence actually supports contrary factual findings by this court. *See Lewis,* 392 S.C. at 390, 709 S.E.2d at 654–55.

**LAW/ANALYSIS**

**I. Contempt**

Mother argues the family court erred in finding her in contempt of the 2009 order for denying Father Labor Day visitation. We agree.

"A party may be found in contempt for the willful violation of a lawful court order." *Hawkins v. Mullins,* 359 S.C. 497, 501, 597 S.E.2d 897, 899 (Ct.App.2004). "A willful act is one ... done voluntarily and intentionally with the specific intent to do something the law forbids, or with the specific intent to fail to do something the law requires to be done; that is to say, with bad purpose either to disobey or disregard the law." *Ex parte Lipscomb,* 398 S.C. 463, 469, 730

S.E.2d 320, 323 (Ct.App.2012) (quoting *Ex parte Cannon,* 385 S.C. 643, 661, 685 S.E.2d 814, 824 (Ct.App.2009)). "A good faith attempt to comply with the court's order, even if unsuccessful, does not warrant a finding of contempt." *Lipscomb,* 398 S.C. at 470, 730 S.E.2d at 324.

First, although the visitation schedule in the 2009 order is non-traditional and the language of the order is somewhat vague, we find the order did not prohibit Father from selecting Labor Day visitation with the children. We read the "in lieu of" language in the order as stating that instead of Father having a traditional visitation schedule of every other weekend, Easter, Memorial Day and Labor Day, he is allowed to choose his weekends within the limits provided in the order. The order outlines specific instructions regarding all of the major holidays, but does not address Labor Day outside of the "in lieu of" language. We agree with the family court's finding that nothing in the 2009 order prevents Father from selecting Labor Day weekend as one of his two September visitation weekends. Therefore, the family court did not err in finding Father properly selected Labor Day 2011 as one of his allotted September visitation weekends in accordance with the 2009 order.

However, we find the family court did err in finding Mother in contempt for violating the 2009 order. The evidence in the record does not support a finding that Mother willfully violated the order. Mother testified she believed the order clearly prohibited Father from selecting Labor Day visitation and she was in compliance with the order in denying Father's Labor Day request. She also testified she relied on the advice of her counsel who agreed with her view of the language of the order. Furthermore, the family court's statement that it "understands [Mother]'s interpretation of the Order" is evidence that Mother could have reasonably misinterpreted the order and her actions were not willful. Accordingly, we reverse the family court's determination that Mother willfully violated the 2009 order.

## II.   Sanctions

Mother argues the family court erred in imposing criminal sanctions without finding, beyond a reasonable doubt, that she

willfully violated the 2009 order. Based upon our reversal of the family court's contempt finding, we need not address this issue. *See Futch v. McAllister Towing of Georgetown, Inc.,* 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not address remaining issues when disposition of prior issue is dispositive).

### III. Attorney's Fees

■ Mother argues the family court erred in awarding Father attorney's fees. We reverse and remand to the family court.

■ Section 20–3–130(H) of the South Carolina Code (Supp.2012) authorizes the family court to order payment of litigation expenses, including attorney's fees, to either party in a divorce action. "The decision to award attorney's fees is within the family court's sound discretion, and although appellate review of such an award is de novo, the appellant still has the burden of showing error in the family court's findings of fact." *Lewis v. Lewis,* 400 S.C. 354, 372, 734 S.E.2d 322, 331 (Ct.App.2012). In determining whether to award attorney's fees, the following factors should be considered: "(1) the party's ability to pay his/her own attorney's fee; (2) beneficial results obtained by the attorney; (3) the parties' respective financial conditions; (4) effect of the attorney's fee on each party's standard of living." *E.D.M. v. T.A.M.,* 307 S.C. 471, 476–77, 415 S.E.2d 812, 816 (1992). If an award of attorney's fees is appropriate, the reasonableness of the fees should be determined according to: "(1) the nature, extent, and difficulty of the case; (2) the time necessarily devoted to the case; (3) professional standing of counsel; (4) contingency of compensation; (5) beneficial results obtained; (6) customary legal fees for similar services." *Glasscock v. Glasscock,* 304 S.C. 158, 161, 403 S.E.2d 313, 315 (1991).

In adjudicating Father's claim for attorney's fees, the family court held "... the award of [Father]'s attorney's fees is appropriate, and considering the factors enunciated in *Feldman v. Feldman,* 380 S.C. 538, 670 S.E.2d 669 (Ct.App.2008) I order [Mother] to reimburse [Father] his attorney's fees in the amount of $2,500.00, payable directly to [Father]'s attorney at

a rate of $400.00 per month." In *Feldman*, this court outlined the *E.D.M.* and *Glasscock* factors listed above.

Based upon our reversal of the family court's contempt determination, we reverse the award of attorney's fees and remand the issue of attorney's fees to the family court for consideration of the effects of this appeal. *See Sexton v. Sexton*, 310 S.C. 501, 503–04, 427 S.E.2d 665, 666 (1993) (reversing and remanding issue of attorney's fees for reconsideration when the substantive results achieved by counsel were reversed on appeal). On remand, the family court should set forth its specific findings of fact as to each of the *E.D.M* factors in determining whether to award attorney's fees to either party.

## CONCLUSION

We reverse the family court's contempt and attorney's fees findings and remand for a reconsideration of attorney's fees.

**REVERSED IN PART AND REMANDED.**

HUFF and GEATHERS, JJ., concur.