**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Kelly Faulkner, Appellant,

v.

James Faulkner, Respondent.

Appellate Case No. 2012-212496

Appeal From Pickens County
Edgar H. Long, Jr., Family Court Judge

Unpublished Opinion No. 2014-UP-190
Submitted March 1, 2014 – Filed May 7, 2014

**REVERSED**

Kenneth C. Porter and Robert M. Rosenfeld, both of Porter & Rosenfeld, of Greenville, for Appellant.

James Faulkner, of Easley, pro se.

**PER CURIAM:** Kelly Faulkner appeals the family court's order holding her in contempt of court for violating the child visitation terms of her divorce decree. She argues the family court erred in (1) finding she willfully violated the divorce

decree, (2) denying her motion to alter or amend the contempt order, and (3) refusing to grant a new contempt hearing. We reverse.[1]

1. We find the record does not support the family court's adjudication of contempt. *See DiMarco v. DiMarco*, 393 S.C. 604, 607, 713 S.E.2d 631, 633 (2011) (stating a finding of contempt "should not be disturbed on appeal unless it is unsupported by the evidence or the [court] has abused [its] discretion"). Kelly (Mother) and James Faulkner (Father) divorced in 2007. Their divorce decree gave Mother sole custody of their only child (Child) and granted Father certain visitation rights. The decree also made Father responsible for "pick[ing] up and return[ing] [Child] to and from [Mother's] residence for all periods of visitation." In his contempt affidavit, Father alleged Mother prevented him from exercising his visitation rights in May and June of 2012; however, we find no evidence in the record supporting this conclusion. Rather, the record shows Father failed to exercise his rights—he did not attempt to retrieve Child for any of the weekends at issue, and on several occasions he failed to communicate with Mother and Child to coordinate the visitation. Accordingly, we find Mother did not willfully violate the terms of her divorce decree and an adjudication of contempt is improper.[2] *See Miller v. Miller*, 375 S.C. 443, 454, 652 S.E.2d 754, 760 (Ct. App. 2007) ("[B]efore a court may find a person in contempt, the record must clearly and specifically reflect the contemptuous conduct." (internal quotation marks omitted)).

2. The family court failed to make specific findings of fact and conclusions of law in both its order of contempt and its order denying Mother's Rule 59(e), SCRCP, motion. We find these orders do not satisfy Rule 26(a), SCRFC, and are insufficient to support an adjudication of contempt. *See* Rule 26(a), SCRFC ("An order or judgment pursuant to an adjudication in a domestic relations case shall set forth the specific findings of fact and conclusions of law to support the court's decision."). However, we find it unnecessary to remand the case to the family

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.
[2] We note Mother and Father testified they agreed Mother would drop Child off with Father for visitations; however, failing to adhere to such an agreement is not a valid basis for an adjudication of contempt. *See Browder v. Browder*, 382 S.C. 512, 521, 675 S.E.2d 820, 825 (Ct. App. 2009) ("Contempt results from the willful disobedience of a court order."); *Miles v. Miles*, 355 S.C. 511, 519, 586 S.E.2d 136, 140 (Ct. App. 2003) ("It is axiomatic that parties cannot modify a court order.").

court for orders consistent with Rule 26(a) because the record is sufficient for this court to make its own findings. *See Holcombe v. Hardee*, 304 S.C. 522, 524, 405 S.E.2d 821, 822 (1991) ("[W]hen an [o]rder is issued in violation of [family court] Rule 26(a), [an appellate court] may remand the matter to the [family] court or, where the record is sufficient, make its own findings of fact in accordance with the preponderance of the evidence.").

3. Because the record does not support the family court's finding of contempt, we find it unnecessary to reach the issue of a new hearing. *See Crawford v. Cent. Mortg. Co.*, 404 S.C. 39, 47, 744 S.E.2d 538, 542 (2013) ("[A]n appellate court need not address remaining issues when resolution of a prior issue is dispositive.").

**REVERSED.**

**FEW, C.J., and SHORT and GEATHERS, JJ., concur.**