**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jose L. Munguia, Appellant,

v.

Carlie M. Munguia, Respondent.

Appellate Case No. 2014-001374

Appeal From Greenville County
Robert N. Jenkins, Sr., Family Court Judge

Unpublished Opinion No. 2015-UP-553
Heard December 9, 2015 – Filed December 9, 2015

**AFFIRMED**

Andrew Richard Havran, The Law Office of Andrew R. Havran, LLC, of Greer, for Appellant.

J. Falkner Wilkes, of Greenville, for Respondent.

**PER CURIAM:** Jose Munguia appeals a family court order and argues the family court erred in (1) finding Carlie Munguia was not in contempt of court for denying Jose visitation with the Munguias' minor child, (2) determining Jose was still required to post the $2,000 bond provided for in the Munguias' visitation

agreement, and (3) finding Jose was not entitled to attorney's fees and costs. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the family court erred in finding Carlie was not in contempt of court: *DiMarco v. DiMarco*, 393 S.C. 604, 607, 713 S.E.2d 631, 633 (2011) (stating a ruling regarding contempt is within the discretion of the trial court and "should not be disturbed on appeal unless it is unsupported by the evidence or the judge has abused his discretion"); *Browder v. Browder*, 382 S.C. 512, 521, 675 S.E.2d 820, 825 (Ct. App. 2009) ("Contempt results from the willful disobedience of a court order."); *Durlach v. Durlach*, 359 S.C. 64, 71, 596 S.E.2d 908, 912 (2004) (stating an act is willfully disobedient when it is "done voluntarily and intentionally, with the specific intent of doing something the law forbids"); *DiMarco*, 393 S.C. at 607, 713 S.E.2d at 633 ("Civil contempt must be shown by clear and convincing evidence.").

2. As to whether the family court erred in determining Jose was still required to post the $2,000 bond: *Ingold v. Ingold*, 304 S.C. 316, 320, 404 S.E.2d 35, 37 (Ct. App. 1991) ("[T]he moving party must show a change of circumstances to warrant a change of visitation.").

3. As to whether the family court erred in finding Jose was not entitled to attorney's fees: *Crossland v. Crossland*, 408 S.C. 443, 459, 759 S.E.2d 419, 427-28 (2014) ("In determining whether an attorney's fee should be awarded, the following factors should be considered: '(1) the party's ability to pay his/her own attorney's fee; (2) beneficial results obtained by the attorney; (3) the parties' respective financial conditions; and (4) effect of the attorney's fee on each party's standard of living.'").

**AFFIRMED.**

**FEW, C.J., and KONDUROS and LOCKEMY, JJ., concur.**