**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Heather Strum, n/k/a Heather Bartolotto, Respondent,

v.

Michael Strum, Appellant.

Appellate Case No. 2015-000634

———————————

Appeal From Beaufort County
Deborah A. Malphrus, Family Court Judge

———————————

Unpublished Opinion No. 2017-UP-299
Submitted May 1, 2017 – Filed July 19, 2017

———————————

**AFFIRMED**

———————————

Peggy McMillan Infinger and Thomas R. Goldstein, both of Belk Cobb Infinger & Goldstein, PA, of Charleston, for Appellant.

James Frederick Berl, of Law Offices of James F. Berl, PC, of Hilton Head Island, and Kathleen Chewning Barnes, of Barnes Law Firm, LLC, of Hampton, both for Respondent.

———————————

**PER CURIAM:** This is an appeal from the family court's order on competing rules to show cause filed by former spouses. Michael Strum (Father) appeals

asserting the family court erred in failing to hold Heather Strum, n/k/a Heather Bartolotto, (Mother) in contempt for engaging in a physical and verbal confrontation in front of the parties' minor child (Child) and for leaving Child in the care of his older sibling.  Father also contends the family court erred in holding him in contempt for failing to pay Mother's attorney's fee award from the divorce decree when the parties' had reached an alternative agreement and in ordering him to pay $20,000 in attorney's fees.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to the family court's failure to hold Mother in contempt for the confrontation on February 21, 2014 and the child care issue: *DiMarco v. DiMarco*, 393 S.C. 604, 607, 713 S.E.2d 631, 633 (2011) ("A finding of contempt rests within the sound discretion of the trial judge."); *id.* ("Such a finding should not be disturbed on appeal unless it is unsupported by the evidence or the judge has abused his discretion."); *Noojin v. Noojin*, 417 S.C. 300, 306, 789 S.E.2d 769, 772 (Ct. App. 2016) ("[B]ecause the family court was in a better position to assess the credibility and demeanor of the witnesses, we defer to the family court as to any alleged error regarding the specific factual findings.").

2.  As to the family court finding Father in contempt for failing to pay an attorney's fee award from the divorce decree: *DiMarco*, 393 S.C. at 607, 713 S.E.2d at 633 ("A finding of contempt rests within the sound discretion of the trial judge."); *id.* ("Such a finding should not be disturbed on appeal unless it is unsupported by the evidence or the judge has abused his discretion."); *Noojin*, 417 S.C. at 306, 789 S.E.2d at 772 ("[B]ecause the family court was in a better position to assess the credibility and demeanor of the witnesses, we defer to the family court as to any alleged error regarding the specific factual findings.").[1]

---

[1] Father asserts equitable estoppel as a defense to an action for enforcement of the divorce decree.  As this argument was never raised to or ruled on by the family court, it is not properly before this court.  *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review."); *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 24, 602 S.E.2d 772, 780 (2004) (noting a party must file a Rule 59(e), SCRCP, motion "when an issue or argument has been raised, but not ruled on, in order to preserve it for appellate review").

3.  As to the award of $20,000 in attorney's fees to Mother:  *Srivastava v. Srivastava*, 411 S.C. 481, 489, 769 S.E.2d 442, 447 (Ct. App. 2015) ("An award of attorney's fees rests within the sound discretion of the [family court] and should not be disturbed on appeal absent an abuse of discretion." (quoting *Doe v. Doe*, 319 S.C. 151, 157, 459 S.E.2d 892, 896 (Ct. App. 1995))); *Harris-Jenkins v. Nissan Car Mart, Inc.*, 348 S.C. 171, 178, 557 S.E.2d 708, 711-12 (Ct. App. 2001) ("Courts, by exercising their contempt power, can award attorney's fees under a compensatory contempt theory.  Compensatory contempt seeks to reimburse the party for the costs it incurs in forcing the non-complying party to obey the court's orders.");[2] *Cannon v. Ga. Att'y Gen.'s Office*, 397 S.C. 541, 549, 725 S.E.2d 698, 702 (2012) ("The determination of the amount of the award is within the court's discretion."); *E.D.M. v. T.A.M.*, 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992) (listing the following factors for the family court to consider when determining whether to award attorney's fees: "(1) the party's ability to pay his/her own attorney's fee; (2) beneficial results obtained by the attorney; (3) the parties' respective financial conditions; [and] (4) [the] effect of the attorney's fee on each party's standard of living"); *Glasscock v. Glasscock*, 304 S.C. 158, 161, 403 S.E.2d 313, 315 (1991) (listing the factors for the court to consider in determining the reasonableness of a fee award as follows: "(1) the nature, extent, and difficulty of the case; (2) the time necessarily devoted to the case; (3) professional standing of counsel; (4) contingency of compensation; (5) beneficial results obtained; [and] (6) customary legal fees for similar services"); *Susan R. v. Donald R.*, 389 S.C. 107, 117, 697 S.E.2d 634, 639-40 (Ct. App. 2010) (finding the family court did not err in ordering husband to contribute towards wife's attorney's fees even though both parties received beneficial results).

**AFFIRMED.**[3]

**LOCKEMY, C.J., and HUFF and THOMAS, JJ., concur.**

---

[2] In his reply brief, Father asserts the family court erred in holding him in contempt for the text messages he sent Mother.  As he did not raise this issue until the reply brief and it is not set forth in the statement of the issues on appeal, this issue is not properly before the court.  *See* Rule 208(b)(1)(B), SCACR ("Ordinarily, no point will be considered which is not set forth in the statement of the issues on appeal."); *Glasscock, Inc. v. U.S. Fid. & Guar. Co.*, 348 S.C. 76, 81, 557 S.E.2d 689, 692 (Ct. App. 2001) ("[A]n argument made in a reply brief cannot present an issue to the appellate court if it was not addressed in the initial brief.").

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.