**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Cheryl Ann Burch, Respondent,

v.

Thomas Andrew Burch, Appellant.

Appellate Case No. 2016-001248

―――――――――――

Appeal From Richland County
Monét S. Pincus, Family Court Judge

―――――――――――

Unpublished Opinion No. 2018-UP-323
Submitted June 1, 2018 – Filed July 18, 2018

―――――――――――

**AFFIRMED**

―――――――――――

Brian Dumas, of Brian Dumas, Attorney LLC, of Columbia, for Appellant.

John D. Elliott, of Law Offices of John D. Elliott P.A., of Columbia, for Respondent.

―――――――――――

**PER CURIAM:** Thomas Burch (Husband) appeals a family court order holding him in contempt for a second time due to his failure to make payments to Cheryl Ann Burch (Wife), as mandated by their divorce decree's equitable apportionment provision. He argues (1) res judicata barred the contempt action because he previously served a one year jail sentence for failure to make these payments; (2)

the evidence does not show he willfully violated the family court's order; (3) the family court exceeded its statutory authority by issuing the contempt sentence; (4) the family court violated his right to a jury trial; (5) the family court's order should have been set aside pursuant to Rule 60(b), SCRCP, because the prior sentence of the court was satisfied; (6) the family court should have found Wife in contempt for failure to comply with the divorce decree; and (7) the family court should have awarded Husband attorney's fees instead of Wife.  We affirm.

## STANDARD OF REVIEW

"In appeals from the family court, this [c]ourt reviews factual and legal issues de novo."  *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011).  "[W]hile this court has the authority to find facts in accordance with its own view of the preponderance of the evidence, 'we recognize the superior position of the family court . . . in making credibility determinations.'" *Lewis v. Lewis*, 400 S.C. 354, 361, 734 S.E.2d 322, 325 (Ct. App. 2012) (quoting *Lewis v. Lewis*, 392 S.C. 381, 392, 709 S.E.2d 650, 655 (2011)).  "Further, de novo review does not relieve an appellant of his burden to 'demonstrate error in the family court's findings of fact.'" *Id.* (quoting *Lewis*, 392 S.C. at 392, 709 S.E.2d at 655).  "Consequently, the family court's factual findings will be affirmed unless [the] appellant satisfies this court that the preponderance of the evidence is against the finding of the [family] court." *Id.* (alteration in original) (quoting *Lewis*, 392 S.C. at 392, 709 S.E.2d at 655).

## LAW/ANALYSIS

First, we find the subject matter in the present litigation is different from the subject matter in the prior litigation, and thus, res judicata does not bar the action. *See Judy v. Judy*, 393 S.C. 160, 172, 712 S.E.2d 408, 414 (2011) ("Res judicata bars subsequent actions by the same parties when the claims arise out of the same transaction or occurrence that was the subject of a prior action between those parties." (quoting *Plum Creek Dev. Co. v. City of Conway*, 334 S.C. 30, 34, 512 S.E.2d 106, 109 (1999))).  When the family court held Husband in contempt the first time, it resulted from his failure to obey the order in 2011 and 2012.  This contempt action resulted from his failure to abide by the order following his release from jail in 2015.  Thus, res judicata does not apply.

Second, we find Husband willfully failed to make payments to Wife.  *See Lewis*, 400 S.C. at 361, 734 S.E.2d at 325 ("[W]hile this court has the authority to find facts in accordance with its own view of the preponderance of the evidence, 'we

recognize the superior position of the family court . . . in making credibility determinations."' (quoting *Lewis*, 392 S.C. at 392, 709 S.E.2d at 655)). Despite Husband's testimony regarding his dire financial conditions, the family court found his testimony not credible. It further found Husband had the capacity to "pay something towards his obligation," and he chose to pay nothing. We find no error in that finding. *See Simcox-Adams v. Adams*, 408 S.C. 252, 260, 758 S.E.2d 206, 210 (Ct. App. 2014) ("The burden is upon the appellant to convince the appellate court that the preponderance of the evidence is against the family court's findings.").

Third, we find the family court did not exceed its authority by sentencing Husband for his subsequent violation of the family court order because, as discussed in the first issue above, the family court issued two contempt orders, one for each of Husband's two violations of the underlying family court order. Husband served one year in jail for the original violation, and he is ordered to serve an additional six months for his recent violation. We find both sentences are within the limits of the statute. *See* S.C. Code Ann. § 63-3-620 (Supp. 2017) ("An adult who wil[l]fully violates, neglects, or refuses to obey or perform a lawful order of the court, or who violates any provision of this chapter, may be proceeded against for contempt of court. An adult found in contempt of court may be punished by a fine, by a public works sentence, or by imprisonment in a local detention facility, or by any combination of them, in the discretion of the court, but not to exceed imprisonment in a local detention facility for one year . . . .").

Fourth, Husband was not deprived of his right to a jury trial because he was not serving a criminal contempt sentence; rather, he was serving a civil contempt sentence. *See DiMarco v. DiMarco*, 393 S.C. 604, 607, 713 S.E.2d 631, 633 (2011) ("In determining whether a contempt sanction is criminal or civil, one must identify the purpose for which the sanction is imposed. Whereas civil contempt is either coercive or remedial in nature, criminal contempt is purely punitive."). Here, the family court afforded Husband an opportunity to relieve himself of the jail sentence by making payments towards his obligation. Therefore, we find his contempt civil. *See id.* ("The distinguishing factor is whether the incarceration is for a definite period of time, which is the hallmark of criminal contempt, or whether the contemnor may avoid or cut short the incarceration by complying with the court's directive, which indicates civil contempt."). A defendant's right to a jury trial is not implicated by a civil contempt sentence. *Curlee v. Howle*, 277 S.C. 377, 385, 287 S.E.2d 915, 919 (1982). Consequently, we find no error regarding this issue.

Fifth, we find unpersuasive Husband's argument that he was entitled to relief from the judgment pursuant to Rule 60(b)(5), SCRCP, because the judgment was "satisfied." *See Feldman v. Feldman*, 380 S.C. 538, 542, 670 S.E.2d 669, 671 (Ct. App. 2008) ("[O]ur broad scope of review does not relieve the appellant of the burden of convincing this [c]ourt that the family court committed error."); *Stoney v. Stoney*, Op. No. 27758 (S.C. Sup. Ct. refiled April 18, 2018) (Shearouse Adv. Sh. No. 16 at 10, n.2) (noting appellate courts review the family court's evidentiary and procedural rulings using an abuse of discretion standard); Rule 60(b)(5), SCRCP (providing relief from a judgment that has been "satisfied"). Husband presented—and we have found—no authority applying the term "satisfied" in Rule 60(b) to facts such as these. As noted in our discussion of res judicata, this contempt action is unrelated to the prior contempt action. Accordingly, we find no error.

Sixth, we do not find Wife willfully violated the divorce decree by failing to pay Husband or by failing to refinance the marital real estate. Husband alleged Wife failed to pay him $58,368 as required by the divorce decree. Wife asserted her attorney advised her she did not have to pay the amount after the divorce decree was partially reversed on appeal.[1] The family court ordered a set-off, decreasing the amount Husband owed Wife by the amount Wife failed to pay Husband. Wife did not appeal that ruling. Accordingly, we find Husband's argument that Wife willfully violated the divorce order by failing to pay him the money is now moot. *See Sloan v. Greenville Cty.*, 380 S.C. 528, 535, 670 S.E.2d 663, 667 (Ct. App. 2009) ("An appellate court will not pass judgment on moot and academic questions; it will not adjudicate a matter when no actual controversy capable of specific relief exists. A case becomes moot when judgment, if rendered, will have no practical legal effect upon the existing controversy." (citations omitted)); *see also Jernigan v. King*, 312 S.C. 331, 335, 440 S.E.2d 379, 381-82 (Ct. App. 1993) (finding where reversal on an issue would not change the result, the issue is moot, and this court need not reach it).

As it pertains to Wife's failure to timely refinance or sell two real estate properties, Wife testified she refinanced the properties as soon as she could but was delayed by Husband's failure to convey his interest in the properties. The family court found Wife's testimony credible, and it noted Husband presented no evidence the mortgage obligation continued to burden him. We agree with the family court's credibility determination, and we agree with the family court that Wife made a good-faith effort to comply with the divorce decree and should not be held in

---

[1] *Burch v. Burch*, 395 S.C. 318, 717 S.E.2d 757 (2011).

contempt.  *See Abate v. Abate*, 377 S.C. 548, 554, 660 S.E.2d 515, 519 (Ct. App. 2008) (reversing the family court's order holding a father in contempt because he "demonstrate[d] a good-faith effort to comply with the [d]ecree's requirement").

Finally, we agree with the family court's attorney's fees award to Wife, not Husband.[2]  In determining whether to award attorney's fees, the family court should consider each of the following factors: "(1) the party's ability to pay his/her own attorney's fee; (2) beneficial results obtained by the attorney; (3) the parties' respective financial conditions; [and] (4) effect of the attorney's fee on each party's standard of living."  *E.D.M. v. T.A.M.*, 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992).  The family court made reference to each of the *E.D.M.* factors in its order, and we find no error.

**CONCLUSION**

Accordingly, the decision of the family court is

**AFFIRMED.**[3]

**SHORT, THOMAS, and HILL, JJ., concur.**

---

[2] Husband does not challenge the reasonableness of the attorney's fees award.
[3] We decide this case without oral argument pursuant to Rule 215, SCACR.