**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Christopher K. Maddaloni, Respondent,

v.

Jacqueline Pidanick, Appellant.

Appellate Case No. 2016-002049

Appeal From Beaufort County
Peter L. Fuge, Family Court Judge

Unpublished Opinion No. 2019-UP-336
Submitted September 1, 2019 – Filed October 9, 2019

**AFFIRMED**

Jacqueline Pidanick, of Bluffton, pro se.

Marshall L. Horton, of Horton & Goodman, LLC, of
Bluffton, for Respondent.

**PER CURIAM:** Jacqueline Pidanick (Mother) appeals the family court's May 6,
2016 order finding her in willful contempt of court of the April 1, 2015 final order
regarding custody of the parties' minor child (Child). On appeal, Mother lists the
following arguments: "(1) Social Media, (2) Birthday Visitation, (3) Christopher
[K.] Maddaloni [(Father)] Wants Sister to Pick up, (4) Lawyer Fees, (5) Domestic

Violence, (6) Lack of 14th Amendment Right for [Mother]." We construe Mother's arguments as her statement of issues.[1] We affirm.[2]

1. As to Mother's first and second arguments, we find the family court did not err by finding her in willful contempt of the parties' April 2015 custody order. *See Stoney v. Stoney*, 422 S.C. 593, 596, 813 S.E.2d 486, 487 (2018) ("[T]he proper standard of review in family court matters is de novo . . . ."); *Hawkins v. Mullins*, 359 S.C. 497, 501, 597 S.E.2d 897, 899 (Ct. App. 2004) ("A party may be found in contempt of court for the willful violation of a lawful court order."); *Ward v. Washington*, 406 S.C. 249, 254, 750 S.E.2d 105, 108 (Ct. App. 2013) ("A willful act is one . . . done voluntarily and intentionally with the specific intent to do something the law forbids, or with the specific intent to fail to do something the law requires to be done; that is to say, with bad purpose either to disobey or disregard the law." (alteration in original) (quoting *Ex parte Lipscomb*, 398 S.C. 463, 469, 730 S.E.2d 320, 323 (Ct. App. 2012))); *Hawkins*, 359 S.C. at 501, 597 S.E.2d at 899 ("In a proceeding for contempt for violation of a court order, the moving party must show the existence of a court order and the facts establishing the respondent's noncompliance with the order."). The April 2015 order provides the party without custody of Child on Child's birthday is entitled to three hours of visitation if it is not a school day. Father testified Child's birthday was on a nonschool day and Mother denied him visitation; Mother agreed Father did not see Child on Child's birthday. Thus, we find Mother was in violation of the April 2015 order. Additionally, the April 2015 order provides, "Both parties shall be mutually restrained from defamation of person, character, or business interest. As defamation has been an issue in this open case, both parties are admonished to strictly abide by this restraining order." We find the posts from Mother's Facebook violate the provision in the April 2015 order against defamation.[3]

---

[1] Any other issues not relating to her listed arguments are not addressed because they were not properly raised to this court. *See* Rule 208(b)(1)(B), SCACR ("Ordinarily, no point will be considered which is not set forth in the statement of the issues on appeal.").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.

[3] As to Mother's argument she was not in willful contempt of court for her social media posts because of the protection of the First Amendment, we find this argument was not preserved for appellate review because she raised it for the first time on appeal. *See Doe v. Doe*, 370 S.C. 206, 212, 634 S.E.2d 51, 54 (Ct. App. 2006) ("To preserve an issue for appellate review, the issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [family] court."). Further, to the extent Mother contends she was not in willful contempt of

2.  As to Mother's third argument the family court erred by modifying Father's visitation rights because Father did not show a change in circumstances sufficient to warrant a change in visitation rights, we find the court did not modify the amount of visitation time Father had with Child but clarified Father's use of daycare. *See Stoney*, 422 S.C. at 596, 813 S.E.2d at 487 ("[T]he proper standard of review in family court matters is de novo . . . ."). Further, the court did not raise this issue sua sponte, Father raised the issue in his rule to show cause and at the contempt hearing.[4]

---

court for her social media posts because Father did not prove the elements of defamation, the order does not specify the parties need to prove the elements of a defamation cause of action to establish a violation of the April 2015 order. Additionally, Mother's arguments that Father falsified a Facebook post or committed fraud upon the court in connection with the alleged falsified Facebook post was not preserved for appellate review. *See id.* ("To preserve an issue for appellate review, the issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [family] court."). Moreover, Mother's argument related to her Fourteenth Amendment right was not preserved for appellate review. *See id.* ("To preserve an issue for appellate review, the issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [family] court."). To the extent Mother argues the family court lacked jurisdiction, we find the family court had subject matter jurisdiction. *See Watson v. Watson*, 319 S.C. 92, 93, 460 S.E.2d 394, 395 (1995) ("Subject matter jurisdiction refers to the court's 'power to hear and determine cases of the general class to which the proceedings in question belong.'" (quoting *Dove v. Gold Kist, Inc.*, 314 S.C. 235, 238-39, 442 S.E.2d 598, 600 (1994))); Rule 14, SCRFC (providing parties with the procedural vehicle to bring a party into family court for contempt proceedings).

[4] To the extent Mother argues the court erroneously modified the location at which the parties exchange Child, this issue was not preserved for appellate review because it was not raised to or ruled on by the family court. *See Doe*, 370 S.C. at 212, 634 S.E.2d at 54 ("To preserve an issue for appellate review, the issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court."). Additionally, Mother's argument that Father committed perjury is not preserved for appellate review. *See id.* ("To preserve an issue for appellate review, the issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court.").

3.  As to Mother's fourth argument the family court erred by awarding Father $1,000 in attorney's fees because she did not engage in contemptuous conduct and the court had erroneously modified the April 2015 order without a request from either party, we find, based on the foregoing, the family court did not err because we affirm the family court's finding of contempt.  *See Stoney*, 422 S.C. at 596, 813 S.E.2d at 487 ("[T]he proper standard of review in family court matters is de novo . . . .").[5]

**AFFIRMED.**

**LOCKEMY, C.J., and KONDUROS and HILL, JJ., concur.**

---

[5] Mother's fifth and sixth arguments not preserved for appellate review.  *See Doe*, 370 S.C. at 212, 634 S.E.2d at 54 ("To preserve an issue for appellate review, the issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court.").