**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Morgan B. Walker, Respondent,

v.

Carla G. Walker, Appellant.

Appellate Case No. 2017-002569

Appeal From Beaufort County
Peter L. Fuge, Family Court Judge

Unpublished Opinion No. 2020-UP-301
Submitted September 1, 2020 – Filed November 4, 2020

**REVERSED**

William Randall Phipps, of Phipps Family Law, P.A., of
Hilton Head Island, for Appellant.

Morgan B. Walker, of Beaufort, pro se.

**PER CURIAM:** Carla G. Walker (Mother) appeals the family court's order
finding her in contempt for willfully disobeying the family court's order in
numerous ways, particularly concerning Morgan B. Walker's (Father's) visitation

with their children.[1]  We reverse pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the family court erred in holding Mother in contempt of court because the record does not contain clear and convincing evidence she willfully violated the family court order: *Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011) (holding the appellate court reviews decisions of the family court de novo); *Miller v. Miller*, 375 S.C. 443, 454, 652 S.E.2d 754, 759 (Ct. App. 2007) ("Contempt results from the willful disobedience of an order of the court." (quoting *Bigham v. Bigham*, 264 S.C. 101, 104, 212 S.E.2d 594, 596 (1975))); *Ward v. Washington*, 406 S.C. 249, 254-55, 750 S.E.2d 105, 108 (Ct. App. 2013) ("A willful act is one . . . done voluntarily and intentionally with the specific intent to do something the law forbids, or with the specific intent to fail to do something the law requires to be done; that is to say, with bad purpose either to disobey or disregard the law." (omission in original) (quoting *Ex parte Lipscomb*, 398 S.C. 463, 469, 730 S.E.2d 320, 323 (Ct. App. 2012))); *id.* at 255, 750 S.E.2d at 108 ("A good faith attempt to comply with the court's order, even if unsuccessful, does not warrant a finding of contempt." (quoting *Ex parte Lipscomb*, 398 S.C. at 470, 730 S.E.2d at 324)); *Noojin v. Noojin*, 417 S.C. 300, 317, 789 S.E.2d 769, 778 (Ct. App. 2016) ("Before a party may be found in contempt, the record must clearly and specifically show the contemptuous conduct." (quoting *Hawkins v. Mullins*, 359 S.C. 497, 501, 597 S.E.2d 897, 899 (Ct. App. 2004))); *id.* at 306, 789 S.E.2d at 772 ("A party seeking a contempt finding for violation of a court order must show the

---

[1] We note because Father filed an initial Respondent's brief but never filed a final version, we may take any action we find proper.  *See* Rule 208(a)(4), SCACR ("Upon the failure of respondent to timely file a brief, the appellate court may take such action as it deems proper."); *Turner v. Santee Cement Carriers, Inc.*, 277 S.C. 91, 96, 282 S.E.2d 858, 860 (1981) (stating the respondent's failure to file a brief allowed the "[c]ourt to take such action upon the appeal as it deems proper," and "[t]his failure alone would justify reversal; however, [the court] simply consider[ed] it as an additional ground"); *Robinson v. Hassiotis*, 364 S.C. 92, 93 n.2, 610 S.E.2d 858, 859 n.2 (Ct. App. 2005) (noting the respondent had not filed a brief and this court may take such action as it deems proper, including reversal); *Campbell v. Carr*, 361 S.C. 258, 266, 603 S.E.2d 625, 629 (Ct. App. 2004) (Goolsby, J., concurring) (explaining that under Rule 208(a)(4), SCACR, when a respondent fails to file a brief, the appellate court can reverse if it deems proper); *Wierszewski v. Tokarick*, 308 S.C. 441, 444 n.2, 418 S.E.2d 557, 559 n.2 (Ct. App. 1992) (stating when the respondent did not file a brief, "it [was] proper to reverse on the points presented rather than to search the record for reasons to affirm").

order's existence and facts establishing the other party did not comply with the order." (quoting *Abate v. Abate*, 377 S.C. 548, 553, 660 S.E.2d 515, 518 (Ct. App. 2008))); *Miller*, 375 S.C. at 454, 652 S.E.2d at 760 ("Once the moving party has made out a prima facie case, the burden then shifts to the respondent to establish his or her defense and inability to comply with the order." (quoting *Widman v. Widman*, 348 S.C. 97, 120, 557 S.E.2d 693, 705 (Ct. App. 2001))); *Noojin*, 417 S.C. at 306-07, 789 S.E.2d at 772 ("Civil contempt must be shown by clear and convincing evidence." (quoting *DiMarco v. DiMarco*, 393 S.C. 604, 607, 713 S.E.2d 631, 633 (2011))).

2. As to Mother's remaining issues: *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (noting an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).

**REVERSED.**[2]

**LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.